Francis SHARPE, Appellant,

v.

ROMAN CATHOLIC DIOCESE OF DALLAS, and Reverend Charles V. Grahmann, His predecessors and Successors as Bishop of the Roman Catholic Diocese of Dallas; Randall Mathis; Munsch, Hardt, Kopf, Harr, & Dinan, P.C.; George W. Bramblett, Jr.; Haynes & Boone, L.L.P.; and Windle Turley, Appellees.

No. 05–02–00573–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 2003.

Rehearing Overruled March 11, 2003.

John E. Wall, Jr., Law Office of John E. Wall, Jr., Dallas, for Appellant.

Heather D. Bailey, Robin P. Hartmann, Haynes & Boone, L.L.P., Randal Mathis, Mathis and Donheiser, William O. Holston, Jr., G. Dennis Sullivan, Sullivan, Ave & Holston, Thomas B. Cowart, Law Office of Windle Turley, P.C., Dallas, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from various summary judgments rendered against appellant Francis Sharpe after he filed suit claiming ownership of documents he took out of a trash dumpster used by the Roman Catholic Diocese of Dallas. The trial court rendered judgment in favor of all the defendants sued by Sharpe, namely, the Diocese, Reverend Charles V. Grahmann and his predecessors and successors as Bishop of the Roman Catholic Diocese of Dallas, Randall Mathis, Munsch Hardt, Kopf, Harr, & Dinan, P.C., George W. Bramblett, Jr., Haynes & Boone, L.L.P., and Windle Turley. In nineteen issues presented on appeal, Sharpe generally contends the trial court erred in granting judgment and dismissing his claims. Because we conclude Sharpe's claims for conversion, conspiracy, and legal malpractice are barred by the two-year statute of limitations, we affirm the trial court's judgment as to those claims. We further conclude, however, that the trial court's summary judgment dismissing Sharpe's claim for fraud against Turley was improper because Turley failed to address the claim in his motion. Accordingly, we reverse and remand that portion of the judgment relating to Sharpe's claim for fraud.

I.

At the center of this case is a dispute over the ownership of documents discarded by the Roman Catholic Diocese of Dallas. Over a period of many months, Francis Sharpe repeatedly searched through a trash dumpster located next to the Diocese offices and removed various items including memoranda and letters. Sharpe testified his intention was to collect evidence and ultimately expose the alleged "vagaries" of the church.

During the time Sharpe was removing trash from the dumpster, the Diocese was involved in a lawsuit styled *John Doe I, et al. v. Reverend Rudolph Kos, et al.*, Windle Turley, counsel for the Doe plaintiffs,

testified Sharpe contacted him on several occasions during the course of the *Kos* litigation. According to Turley, Sharpe requested representation in claims against the Diocese and offered to show Turley documents allegedly relevant to the *Kos* suit. Turley stated he declined to represent Sharpe and refused to meet with him.

In January 1998, a judgment was rendered against the defendants in the *Kos* suit. Soon afterward, Sharpe again contacted Turley about the documents he had collected. Turley was attempting to recover on the *Kos* judgment and purportedly wished to review the documents to determine if they contained any information about the Diocese's assets. Accordingly, Turley took Sharpe's deposition in April, 1998. In attendance at the deposition were Randall Mathis, counsel for the Roman Catholic Diocese of Dallas, and George W. Bramblett of the law firm of Haynes & Boone, L.L.P. Haynes and Boone represented the Diocese in certain post-verdict proceedings. Although Sharpe contends he gave Turley many documents before the deposition, Sharpe produced documents at his deposition in response to Turley's subpoena duces tecum. Sharpe also produced more documents pursuant to the subpoena after his deposition.

The documents Sharpe produced in response to the subpoena were kept by Turley in his offices. On May 21, Mathis sent Turley a letter asking him not to return the documents to Sharpe without first notifying the Diocese so it could have an opportunity to "file whatever proceeding may be appropriate to seek return of the documents to the Diocese rather than their being returned to Mr. Sharpe." The *Kos* litigation settled in July, 1998. After the settlement, in accordance with Mathis's May 21 request, Turley sent Mathis a letter stating he intended to return the documents to Sharpe within a week unless Mathis had objections. Mathis responded the next day stating the Diocese planned to file a motion seeking return of the documents. On July 15, 1998, Turley sent Sharpe a letter informing him that he was turning the documents over to Mathis. The letter further stated that Turley intended to file a motion with the court asking it to order the documents returned to Sharpe. Turley later sent all the documents to Mathis.

On July 27, 1998, the Diocese filed a motion in the trial court that had rendered judgment in the *Kos* suit asserting that the documents produced by Sharpe during post-judgment discovery were privileged and had been improperly taken. The Diocese requested the trial court to allow it to retain the documents in its possession and to require Sharpe to turn over any other documents he had collected. On July 28, Sharpe filed his own pro se motion in the trial court asking that the documents be returned to him. Sharpe contends he filed the pro se motion because, at that time, he feared that Turley would not file a motion on his behalf as he had stated in the July 15 letter.

Over ten months later, on June 8, 1999, the trial court signed an order granting the Diocese's motion for possession of the documents. In response, Sharpe filed an appeal and a writ of mandamus with this Court asserting the order was void because the trial court lacked jurisdiction. In an opinion issued January 9, 2001, we agreed with Sharpe, in part because Sharpe was not a party to the underlying *Kos* litigation. We concluded the dispute over ownership of the documents "should be resolved by a suit in which Sharpe is made a party." Accordingly, we conditionally granted the writ and directed the trial court to vacate its orders relating to the documents.

Sharpe filed this suit on February 22, 2001 alleging conspiracy, conversion of the documents, and legal malpractice. In addition to Turley, Mathis, and the Diocese, Sharpe named as defendants Mathis's law firm, Munsch, Hardt, Kopf & Harr, P.C., Reverend Charles V. Grahmann and his predecessors and successors as Bishop of the Roman Catholic Diocese of Dallas, George Bramblett and Bramblett's law firm, Haynes & Boone.[1]

In response to the suit, Turley filed a motion for summary judgment arguing, among other things, that Sharpe's claims were barred by the statute of limitations and Sharpe could not show damages as a matter of law. The Diocese, Reverend Grahmann, Mathis, and Munsch, Hardt, Kopf & Harr, filed a joint motion for summary judgment also raising the statute of limitations defense. After these motions were filed, Sharpe filed both a response and a fourth amended petition adding a claim for fraud against Turley.[2] Although Bramblett and Haynes and Boone filed their joint motion for summary judgment after the fourth petition was filed, their motion did not specifically reference the additional fraud allegation. Furthermore, Turley did not supplement his motion for summary judgment to address Sharpe's new fraud claim.

On March 15, 2002, the trial court signed three orders granting the motions for summary judgment in favor of all the defendants and ordering that Sharpe take nothing by his claims. The orders did not specify the grounds upon which the motions were granted. The court did, however, send a letter to the parties, separate from the orders, explaining the legal reasoning behind its decision to grant the motions. This appeal ensued.

## II.

■ The claims asserted by Sharpe in this case are of an alleged conspiracy by the defendants to convert the documents he collected from the Diocese's trash and to have Turley betray his obligations to Sharpe as a lawyer. The statutes of limitations governing Sharpe's claims for conspiracy, conversion, and legal malpractice are all two years. *See Stevenson v. Koutzarov,* 795 S.W.2d 313, 318 (Tex.App.-Houston [1st Dist.] 1990, writ denied); TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002); *Brents v. Haynes & Boone L.L.P.,* 53 S.W.3d 911, 914 (Tex.App.-Dallas 2001, pet. denied). The defendants moved for summary judgment on the ground that Sharpe failed to file his claims within two years after they accrued.

■ When a defendant moves for summary judgment based on the affirmative defense of the statute of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80–81 (Tex.1989). The limitations period begins to run when the cause of action accrues, and the date of accrual is a question of law. *See Moreno*

1. Judge Anne Ashby, the trial court judge during the *Kos* litigation, was also a named defendant in this case. Judge Ashby filed a motion for summary judgment based on judicial immunity that was granted by the trial court below. Shape does not appeal the granting of that motion.

2. In addition to alleging that Turley's conduct constituted fraud, the fourth amended petition also broadly references "defrauding Sharpe" as an act supporting Sharpe's claims for conspiracy and conversion against the other defendants. The petition does not, however, allege a claim for fraud against any defendant other than Turley. Sharpe contends on appeal that the fourth amended petition also adds a claim for fraudulent misrepresentation. Even a broad reading of the pleading does not support this contention.

v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex.1990). A cause of action accrues when facts come into existence authorizing a claimant to seek a judicial remedy and the aggrieved party knows or should know of the existence of these facts. See Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 481 (Tex.App.-Dallas 1995, writ denied).

The factual basis for Sharpe's claims is that following his production of documents pursuant to the subpoena issued by Turley, Turley gave the documents to the Diocese and the Diocese refused to return the documents to Sharpe despite his claims of ownership. The defendant's summary judgment evidence includes a letter sent by Turley to Sharpe on July 15, 1998, telling Sharpe that he was turning the documents over to the Diocese but that he would a file a motion seeking their return to Sharpe. The summary judgment record also contains a motion filed by the Diocese on July 27, 1998, asserting ownership of the documents. When Turley failed to file a motion on Sharpe's behalf, Sharpe filed a pro se motion on July 28, 1998, asserting his rights to the documents and demanding they be returned to him. This evidence shows, as a matter of law, that all facts necessary to form the basis of Sharpe's claims, and Sharpe's knowledge of those facts, arose no later than July 28, 1998. Because Sharpe did not file this suit until February 22, 2001, Sharpe failed to bring his claims for conspiracy, conversion, and legal malpractice within the two year limitations period.

Sharpe first attempts to avoid the limitations bar by contending the trial court's letter explaining the reasons why he granted the motions did not state that the limitations ground was a basis for the judgment. The summary judgment orders do not specify, however, what grounds were relied upon for the judgment. When a summary judgment order does not specify the grounds upon which the motion was granted, the reviewing court will affirm the judgment if any of the grounds advanced in the motion is meritorious. See Nat'l Cas. Co. v. Lane Exp., Inc., 998 S.W.2d 256, 259 (Tex.App.-Dallas 1999, pet. denied). A letter from the trial court cannot be considered on appeal for providing the reasons for a judgment. Id. Sharpe's first argument, therefore, is meritless.

Next, Sharpe suggests his claims did not arise until November 21, 2001, when he sent a formal demand letter to the defendants for return of the documents. When the party accused of illegally converting property originally had lawful possession, the cause of action for conversion does not arise, and the limitations period does not begin to run, until return of the property has been demanded and refused, or the party in possession has unequivocally exercised acts of dominion over the property inconsistent with the claims of the owner or the person entitled to possession. See Taylor v. Walston & Co., Inc. 502 S.W.2d 613, 615 (Tex.Civ.App.-Dallas 1973, writ ref'd n.r.e.). Although Turley originally had legal possession of the documents because of the subpoena issued to Sharpe, both he and the Diocese clearly exercised acts of dominion over the property inconsistent with Sharpe's claims of ownership when Turley turned the documents over to the Diocese and the Diocese filed a motion claiming rightful ownership. Sharpe's letter of November 21, 2001 was nothing more than an additional demand in the continuing dispute over ownership and did not restart the limitations period.

Sharpe also attempts to invoke the *Hughes* tolling rule to extend the date upon which his claims accrued. Under

*Hughes*, when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991). Sharpe seeks to invoke the rule to toll his limitations period until this Court ruled on his writ of mandamus on January 9, 2001. Contrary, to Sharpe's assertions, his case does not fall under the category of cases covered by the *Hughes* tolling rule.

In this case, there was no underlying litigation out of which Sharpe's claims arose. Sharpe was not a party to the *Kos* litigation and his claims do not arise from any malpractice relating to the prosecution or defense of the claims involved in that case. To the extent Sharpe may have become involved in the *Kos* suit as a result of the post-judgment motions filed in that case, his involvement did not arise until after his causes of action against the defendants accrued.

In addition, the dispute at issue in the motions filed in the *Kos* action was substantially the same dispute being litigated here. The pendency of the motions in the trial court, and their later appeal to this Court, did not toll the statute of limitations on Sharpe's claims because, as Sharpe argued in his writ of mandamus, the *Kos* court had no jurisdiction to decide the issue of ownership of the documents. The orders on the motions were vacated and the dispute over the documents dismissed. Because there was no earlier or underlying case involving Sharpe's claims that was prosecuted to judgment, the statute of limitations on his suit was not tolled. *See id; see also, Cronen v. City of Pasadena*, 835 S.W.2d 206, 210 (Tex.App.-Houston [1st Dist.] 1992, no writ) (When a case is dismissed without being prosecuted to judg-

ment, limitations runs from the time the cause of action accrued to the time of refiling), *disapproved on other grounds by Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994).

■ Finally, Sharpe generally contends that the statute of limitations does not bar his claims because his affidavit and various deposition excerpts he submitted as summary judgment evidence establish "estoppel, waiver, abandonment, fraud, and fraudulent concealment." Sharpe provides no argument, analysis, or authority, however, to support this contention. Absent any supporting argument or citation, we decline to address these issues on the merits. *See Bowles v. Clipp*, 920 S.W.2d 752, 761 (Tex.App.-Dallas 1996, writ denied). We conclude Sharpe's claims for conspiracy, conversion, and legal malpractice are barred by limitations.

■ The final claim remaining in Sharpe's suit is his claim for fraud against Turley. As stated above, the fraud claim was added by Sharpe in his fourth amended petition after Turley filed his motion for summary judgment. Turley neither amended nor supplemented his motion to address the newly added claim. On appeal, Turley contends he was entitled to judgment on the added claim because the grounds stated in his motion were broad enough to negate Sharpe's right to recover for fraud. Although generally a summary judgment cannot be granted on a claim not addressed in the motion, summary judgment may be granted on later pled causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pled cause. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). In this case, however, we conclude Turley's motion was not broad enough to encompass Sharpe's fraud claim.

To establish a right to summary judgment, a defendant must either negate at

least one element of the plaintiff's theory of recovery or plead and conclusively prove each element of an affirmative defense. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). The affirmative defense of the two-year limitations period urged by Turley in his motion does not defeat Sharpe's fraud claim because fraud is subject to a four-year limitations period. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a) (Vernon 2002). Therefore, Turley's motion necessarily had to negate an element of the fraud claim itself.

■ The elements of a cause of action for fraud are a material misrepresentation, which was false, and which was either known to be false when made or asserted without knowledge of its truth. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998). In addition the defendant must have intended the misrepresentation to be acted upon, the plaintiff must have relied upon it, and there must be a resulting injury. *Id.* Along with the limitations ground, the grounds for summary judgment urged by Turley in his motion were Sharpe's lack of (1) an attorney-client relationship with Turley; (2) legal ownership of the documents in question, and (3) damages. These grounds do not negate any of the liability elements of Sharpe's fraud claim. The only element the motion could arguably be said to address is that of damages.

■ The two measures of damages for common-law fraud are the "out-of-pocket" measure and the "benefit-of-the-bargain" measure. *Id.* at 49. Turley contended in his motion that Sharpe could not show he was damaged because he had no legal right to possession of the documents and the documents had a no market value. These arguments do not directly address the measures of damages for fraud. Furthermore, Sharpe's fourth amended petition generally alleges he suffered compensatory damages in addition to the loss of the documents. Because Sharpe was not given an opportunity to respond to Turley's summary judgment motion in the context of defending his fraud claim, we cannot know whether the loss of the documents is the only injury he contends he suffered as a result of Turley's alleged fraud.

Although we express no opinion on the merits of Sharpe's claim for fraud, we conclude the trial court improperly granted summary judgment on the claim because it was not addressed in the motion. *See Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 673 (Tex.App.-Houston [1st Dist.] 1996, no writ). Because of our resolution of the above issues, it is unnecessary for us to address the other issues presented by Sharpe in this appeal.

We reverse the trial court's summary judgment with respect to its dismissal of the fraud claim asserted against Windle Turley. We affirm the trial court's judgment in all other respects.