The ESTATE OF Carol A. WHITSETT, Appellant,

v.

William E. JUNELL and Andrews Kurth L.L.P., Appellees.

No. 01–04–00078–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2007.

---

Jeffrey W. Steidley, The Steidley Law Firm, Terry F. Mosser, Houston, for Appellant.

Murray Fogler, McDade, Fogler, Maines, L.L.P., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

The Estate of Carol A. Whitsett appeals a summary judgment entered in favor of William E. Junell and Andrews Kurth L.L.P. ("A & K"). In one issue, Whitsett contends the trial court erred in granting summary judgment in favor of Junell and A & K because the *Hughes* rule tolled the statute of limitations on her legal malpractice claims against Junell and A & K until the Fifth Circuit dismissed her appeal in the underlying litigation made the subject of this suit. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991). We conclude that the trial court erred in granting summary judgment because the *Hughes* rule is applicable to Whitsett's legal malpractice claims. *Id.* We therefore reverse and remand.

### Background

In 1980, Whitsett's husband was killed in an airplane crash. After her husband's death, Whitsett engaged Thomas Dardas, an attorney, to pursue a wrongful death claim and handle the estate of her late husband. During the representation, Dardas convinced Whitsett to make him two loans, together totaling $95,000. Dardas defaulted on the loans.

In December 1981, Whitsett hired Junell to represent her in a lawsuit against Dardas to obtain repayment of the loans (the "Dardas litigation"). Junell filed suit against Dardas in December 1982. The lawsuit alleged breach of fiduciary duty, legal malpractice, breach of contract, fraud, violations of the Deceptive Trade Practices Act ("DTPA"), and sought recovery of punitive damages. Whitsett alleges that she asked Junell to assert additional tort claims against Dardas in the lawsuit, and that Junell advised against filing these claims because pursuit of them would be futile. Dardas filed for bankruptcy shortly

thereafter and Junell asserted Whitsett's claims in the bankruptcy proceeding.

In 1988, Junell left his former law firm and joined A & K. Junell withdrew from his representation of Whitsett in February 1991. Whitsett's new attorney, Tom Dickens, pursued the Dardas litigation in federal court and lost. Whitsett appealed the trial court's take-nothing judgment in the Dardas litigation. The Fifth Circuit dismissed the appeal on March 30, 1993.

On March 30, 1995, two years after the dismissal of the federal appeal, Whitsett filed this action against Junell and A & K. Whitsett alleges that in the Dardas litigation, Junell (1) negligently failed to pursue the tort claims he asserted against Dardas and (2) failed to include additional unidentified "unasserted" tort claims. Junell and A & K moved for partial summary judgment, asserting the affirmative defense of limitations. The trial court granted the motion.

The trial court's order granting Junell and A & K's partial motion for summary judgment states,

On June 20, 2000, the Court heard Defendants' Motion for Partial Summary Judgment Based on Limitations (the "Motion"). After reviewing the pleadings and hearing arguments of counsel, the Court grants the motion in part, and denies it in part.

The Motion was directed at the specific claims and causes of action asserted by Carol Whitsett against William E. Junell, Jr. and Andrews & Kurth, L.L.P., which arose out of alleged claims which Carol Whitsett had against Thomas A. Dardas that were not included or asserted in litigation filed by Whitsett against Dardas. It is ORDERED that the Motion is granted as to those specific claims and causes of action against the Defendants that Carol Whitsett had

against Thomas A. Dardas that were not included or asserted in litigation filed by Whitsett against Dardas, provided, however, that it is further ORDERED that the Motion is denied as to Whitsett's cause of action alleging fraud and conspiracy to defraud.

After the partial summary judgment, Whitsett's remaining claims against Junell and A & K went to trial, including claims for fraud, conspiracy to commit fraud, violations of the DTPA, and breach of fiduciary duty. The trial court granted Junell and A & K's motion for directed verdict on all of Whitsett's claims except the breach of fiduciary duty claim. The jury, however, returned a verdict in favor of Junell and A & K on the breach of fiduciary duty claim, and the trial court rendered a final judgment that Junell did not engage in a clear and serious violation of duty to Whitsett such that he should be required to forfeit his fee.[1]

Whitsett died in February 2002. Her estate pursues this litigation on her behalf, appealing the partial summary judgment that dismissed Whitsett's legal malpractice claims based on limitations. *See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 785 (Tex.2006) ("legal malpractice claims alleging pure economic loss survive in favor of a deceased client's estate, because such claims are necessarily limited to recovery for property damage").

## Statute of Limitations

### *Standard of Review*

Our review of a summary judgment is de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.

2003). Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant a judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). We view all evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Provident Life*, 128 S.W.3d at 215.

"A defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact." *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 n. 10 (Tex.2005). Statute of limitations is an affirmative defense. Tex.R. Civ. P. 94.

### *Equitable Tolling*

■ A two-year statute of limitations governs legal malpractice claims. Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.2006); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). The statute of limitations begins to run when the claim accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.003. A legal malpractice claim accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of the claim. *Hughes*, 821 S.W.2d at 156; *see also S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996) (legal injury rule); *Willis*, 760 S.W.2d at 646 (discovery rule). In *Hughes v. Mahaney & Higgins*, the Texas Supreme Court established a

---

1. Whitsett contends that Junell failed to file "additional tort claims," and failed to pursue the tort claims that he did file in the original petition in the Dardas litigation. It is unclear from the record whether the trial court's partial summary judgment includes claims that

Junell filed but did not pursue, or just tort claims that were never filed, leaving the former for trial on the merits. We analyze both for limitations purposes and leave the scope of the partial summary judgment for the trial court to address on remand.

tolling rule for the statute of limitations in legal malpractice cases: "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." 821 S.W.2d at 157; *see also Murphy v. Campbell,* 964 S.W.2d 265, 272 (Tex.1997). The *Hughes* rule applies even in cases in which the attorney's representation of the client terminates after the act of negligence, but before the conclusion of the litigation. *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 121-22 (Tex. 2001).

In *Hughes,* the Texas Supreme Court expressed two policy reasons for tolling the statute of limitations when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation. 821 S.W.2d at 156-57. The court first pointed out that the legal injury rule and the discovery rule can force a client into the untenable position of having to adopt inherently inconsistent litigation postures in the underlying case and the malpractice case. *Id.* at 156 (noting that party might be placed in position of asserting that her attorney committed malpractice, and but for malpractice her claim would have succeeded, while at same time asserting in underlying appeal that attorney's actions were correct, or at least not fatal to her claim). The court then explained that limitations should be tolled for the malpractice claim because the viability of that claim depends on the outcome of the underlying litigation. *Id.* at 157.

The supreme court reinforced these policy considerations in *Sanchez v. Hastings,* stating that "if the client must carefully scrutinize every stage of the case for possible missteps it would erode the trust between client and lawyer necessary for the successful prosecution of litigation." 898

S.W.2d 287, 288 (Tex.1995). Since the Texas Supreme Court adopted the tolling rule in *Hughes,* the court has applied the rule without further qualification to every legal malpractice case meeting the *Hughes* parameters. *See Underkofler v. Vanasek,* 53 S.W.3d 343, 347 (Tex.2001); *Apex Towing Co.,* 41 S.W.3d at 121-23; *Sanchez,* 898 S.W.2d at 288; *Am. Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480, 483-84 (Tex.1992); *Gulf Coast Inv. Corp. v. Brown,* 821 S.W.2d 159, 160 (Tex.1991); *Aduddell v. Parkhill,* 821 S.W.2d 158, 159 (Tex.1991), *overruled on other grounds, Underkofler,* 53 S.W.3d at 347 (holding that *Hughes* tolling rule does not apply to DTPA claims against attorney).

In *Apex Towing Co. v. Tolin,* the Texas Supreme Court instructed lower courts to desist from re-examining whether the policy reasons behind *Hughes* apply in each legal malpractice case presented and to "simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition." 41 S.W.3d at 122. The court stated, "in the area of limitations, bright-line rules generally represent the better approach." *Id.* The court also expressly disapproved of the intermediate courts of appeals cases upon which Junell and A & K relied in seeking summary judgment from the trial court in this case. *Id.*

*Application of Equitable Tolling in This Case*

Here, Whitsett alleges that Junell committed malpractice in the prosecution of her case against Dardas by failing to pursue her tort claims, and by failing to file related (though unidentified) tort claims in the first instance. Junell and A & K respond that the *Hughes* rule does not apply because Whitsett's legal malpractice claims arise only from Junell's negligent failure to file tort claims against Dardas, and thus he could not have committed malpractice

"during [his] prosecution or defense of a claim that result[ed] in litigation," because the unidentified additional tort claims that Whitsett contends should have been brought against Dardas were never actually litigated. *Hughes*, 821 S.W.2d at 157. They further contend that the statute of limitations on Whitsett's legal malpractice claims should begin to run at the latest in February 1991, when Junell withdrew from Whitsett's case against Dardas.

In the years since the *Hughes* decision, however, the Texas Supreme Court has held that the phrase, "in the prosecution or defense of a claim," includes claims that should have been brought, but were not. *See Sanchez*, 898 S.W.2d at 288. In *Sanchez*, Carlos Sanchez was electrocuted when a portable crane mounted on his employer's truck touched electrical wires. *Id.* at 287. Carlos's wife, Graciela, hired an attorney, Steve Hastings, to represent her in a wrongful death action. *Id.* Hastings filed the wrongful death action against the manufacturer of the crane and several other defendants. *Id.* Hastings did not sue Carlos's employer, Cedar Creek Fabricators. *Id.* The wrongful death action concluded on August 29, 1990. *Id.* at 288. On August 28, 1992, Graciela brought a legal malpractice claim against Hastings, contending that Hastings was negligent in failing to sue all possible tortfeasors who could have contributed to the death of her husband. *Id.* The Texas Supreme Court applied the *Hughes* rule, holding that the statute of limitations on Sanchez's malpractice claim against Hastings was tolled until the underlying wrongful death litigation concluded. *Id.* ("We hold that the statute of limitations for malpractice for failure to sue a tortfeasor is tolled until litigation has concluded against other tortfeasors liable for the same indivisible injury."). The malpractice claim was therefore timely filed within the two-year statute of limitations. *Id.*

The supreme court applied the *Hughes* rule phrase "claim that results in litigation" broadly in *Sanchez*, 898 S.W.2d at 288; *Hughes*, 821 S.W.2d at 157. Sanchez's "claim" "result[ed] in litigation" because she filed individual claims against some of the tortfeasors liable for her injury. *Sanchez*, 898 S.W.2d at 288; *Hughes*, 821 S.W.2d at 157. The fact that Sanchez did not file an individual claim against Cedar Creek Fabricators was irrelevant for the purposes of the *Hughes* rule because her "claim," which the court defined in terms of her singular injury, had "result[ed] in litigation." *Sanchez*, 898 S.W.2d at 288; *Hughes*, 821 S.W.2d at 157.

■ As in *Sanchez*, Whitsett's malpractice claims against Junell and A & K arose from an alleged failure to include or pursue tort claims in the Dardas litigation. Following *Sanchez* and *Hughes*, we hold that Whitsett's malpractice claims against Junell and A & K arose in the prosecution of the Dardas litigation and therefore the *Hughes* rule applies. *See Sanchez*, 898 S.W.2d at 288; *Hughes*, 821 S.W.2d at 157 ("[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted.").

Junell and A & K failed to prove as a matter of law that the scope of Junell's representation of Whitsett was limited to recovery of the two loans Whitsett made to Dardas, or that the additional claims at issue constituted separate, divisible injuries for limitations purposes. Rather, Whitsett offered deposition testimony that the scope of the Dardas litigation was not limited to the issue of the notes, but extended to other tort claims:

I asked him over and over again to please at least list the claims that I wanted. Even though he knew that the two notes would be an easy recovery, he felt—and for which there was only 100,-000—why would we want to sue for anything other than what we can recover. And I objected. I just literally kept, as Ed Cain did, going back to that constantly, for him to at least see the policy.

He advised us, Ed Cain and I, that there was not enough insurance coverage to even bring up and these were easy to collect on. And although he knew there were many more issues, that Dardas' insurance malpractice was only for 100,000 and these notes could easily be proved, and he mentioned that the other issues are too complicated, convoluted for even a jury to understand.

■ In addition, the original petition in the Dardas litigation alleges malpractice and breach of fiduciary duty as it relates to Dardas's representation of Whitsett generally and is not specifically a suit to collect on the notes. Whitsett has there-

fore produced some summary judgment evidence that Dardas's legal representation of her in matters incident to her husband's estate constitutes a "claim that result[ed] in litigation" and an "indivisible injury" for the purposes of the *Hughes* tolling rule. *See Sanchez,* 898 S.W.2d at 288; *Hughes,* 821 S.W.2d at 157. In a case where an attorney represents a client on multiple claims arising out of the same occurrence or subject matter, but negligently fails to file one or more of those claims entirely, we hold that the *Hughes* rule tolls the statute of limitations for a malpractice claim against the attorney until all appeals for the underlying filed claims are exhausted. *See Sanchez,* 898 S.W.2d at 288. Like the court in *Sanchez,* we construe the phrase "claim that results in litigation" to include all claims for an indivisible injury that an attorney is hired to pursue on behalf of a client, as well as any claim the attorney must assert on behalf of the client in the exercise of reasonable care. *Id.*[2] Because the facts of

**2.** Junell and A & K cite *Sharpe v. Roman Catholic Diocese of Dallas* in support of their contention that the *Hughes* rule does not apply to Whitsett's legal malpractice claims. 97 S.W.3d 791, 796–97 (Tex.App.-Dallas 2003, pet. denied). In *Sharpe,* the plaintiff, Francis Sharpe, searched through trash containers for documents discarded by the Catholic Diocese. *Id.* at 793. Sharpe then unsuccessfully sought to interject himself into ongoing litigation against the Diocese (the "Kos litigation"). *Id.* at 794. Windle Turley, counsel for the plaintiffs in the Kos litigation, eventually deposed Sharpe and had him produce the documents he found in the dumpster. *Id.* Turley sent a letter to Sharpe telling him that he was turning the documents over to the Diocese, but that he would file a motion seeking their return to Sharpe. *Id.* Turley gave the documents to Randall Mathis, the attorney for the Diocese. *Id.* The Diocese then filed a motion in the trial court that had rendered judgment in the Kos litigation, asserting that the documents produced by Sharpe at his deposition were privileged and had been improperly tak-

en. *Id.* The trial court granted the motion. *Id.* Sharpe filed an appeal and a writ of mandamus pro se, asserting the order was void because the trial court lacked jurisdiction. *Id.* The appeals court conditionally issued the writ, holding that the dispute over ownership of the documents should be resolved by a suit in which Sharpe was a party. *Id.* Sharpe late filed a legal malpractice action against Turley and Mathis, which the trial court dismissed as barred by limitations. *Id.* at 795. The Dallas Court of Appeals affirmed, holding, "there was no underlying litigation out of which Sharpe's claims arose" because Sharpe was not a party in the Kos litigation. *Id.* at 797. In contrast, Whitsett's legal malpractice claims against Junell and A & K arose from the underlying Dardas litigation, in which she was a party with Junell as her counsel. Whitsett's case thus is distinguishable from *Sharpe* because Sharpe's legal malpractice claims against Turley and Mathis did not arise from the Kos litigation because Sharpe was not a party to the Kos litigation; rather, Sharpe

this case fall within the *Hughes* rule, the statute of limitations on Whitsett's legal malpractice claims against Junell and A & K was tolled until March 30, 1993, the day the Fifth Circuit dismissed Whitsett's appeal in the Dardas litigation. Whitsett therefore timely filed her malpractice claims on March 30, 1995. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003; *Hughes*, 821 S.W.2d at 156-58; *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 588-89 (Tex.1972) (explaining that suit filed on same date, two years after claim arose, would not be barred by two-year statute of limitations). The trial court erred in granting summary judgment in favor of Junell and A & K on Whitsett's legal malpractice claims on the basis of limitations. *See Hughes*, 821 S.W.2d at 157.

### Conclusion

After the trial court ruled on the limitations issue in this case, the Texas Supreme Court clarified the scope of the *Hughes* tolling rule to include the legal malpractice claims Whitsett asserts and disapproved of the authorities relied on in the trial court for summary judgment. *See Apex Towing Co.*, 41 S.W.3d at 121-22; *Sanchez*, 898 S.W.2d at 288. We hold that the *Hughes* rule applies to Whitsett's malpractice claims against Junell and A & K. *See Hughes*, 821 S.W.2d at 157. The trial court therefore erred in granting Junell and A & K's motion for partial summary judgment on the basis of limitations. We reverse and remand the cause for further proceedings.

was a deponent whom Turley had subpoenaed to produce some documents. *Id.* at 797.