Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued February 1, 2007








 

 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-00078-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



THE ESTATE OF CAROL A. WHITSETT, Appellant

 

V.

 

WILLIAM E. JUNELL AND ANDREWS KURTH L.L.P., Appellees

 

 



On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 1995-15976

 








 



O P I N I O N

 

The Estate of Carol A. Whitsett
appeals a summary judgment entered in favor of William E. Junell and Andrews
Kurth L.L.P. (“A&K”).  In one issue, Whitsett contends the trial court
erred in granting summary judgment in favor of Junell and A&K because the Hughes
rule tolled the statute of limitations on her legal malpractice claims
against Junell and A&K until the Fifth Circuit dismissed her appeal in the underlying
litigation made the subject of this suit.  Hughes v. Mahaney
& Higgins, 821 S.W.2d 154, 157 (Tex. 1991).  We conclude that the trial court erred in granting summary
judgment because the Hughes rule is applicable to Whitsett’s legal malpractice claims.  Id.  We therefore
reverse and remand.

Background

          In 1980, Whitsett’s husband
was killed in an airplane crash.  After her husband’s death, Whitsett engaged Thomas
Dardas, an attorney, to pursue a wrongful death claim and handle the estate of
her late husband.  During the representation, Dardas convinced Whitsett to make
him two loans, together totaling $95,000.  Dardas defaulted on the loans.

In December 1981, Whitsett hired
Junell to represent her in a lawsuit against Dardas to obtain repayment of the
loans (the “Dardas litigation”).  Junell filed suit against Dardas in December
1982.  The lawsuit alleged breach of fiduciary duty, legal malpractice, breach
of contract, fraud, violations of the Deceptive Trade Practices Act (“DTPA”),
and sought recovery of punitive damages.  Whitsett alleges that she asked
Junell to assert additional tort claims against Dardas in the lawsuit, and that
Junell advised against filing these claims because pursuit of them would be
futile.  Dardas filed for bankruptcy shortly thereafter and Junell asserted
Whitsett’s claims in the bankruptcy proceeding.  

In 1988, Junell left his former law
firm and joined A&K.  Junell withdrew from his representation of Whitsett
in February 1991.  Whitsett’s new attorney, Tom Dickens, pursued the Dardas
litigation in federal court and lost.  Whitsett appealed the trial court’s take-nothing
judgment in the Dardas litigation.  The Fifth Circuit dismissed the appeal on
March 30, 1993.

On March 30, 1995, two years after
the dismissal of the federal appeal, Whitsett filed this action against Junell
and A&K.  Whitsett alleges that in the Dardas litigation, Junell (1) negligently
failed to pursue the tort claims he asserted against Dardas and (2) failed to
include additional unidentified “unasserted” tort claims.  Junell and A&K
moved for partial summary judgment, asserting the affirmative defense of
limitations.  The trial court granted the motion. 

The trial court’s order granting
Junell and A&K’s partial motion for summary judgment states, 

On June 20, 2000, the Court heard Defendants’ Motion
for Partial Summary Judgment Based on Limitations (the “Motion”).  After
reviewing the pleadings and hearing arguments of counsel, the Court grants the
motion in part, and denies it in part.

 

The Motion was directed at the specific claims and
causes of action asserted by Carol Whitsett against William E. Junell, Jr. and
Andrews & Kurth, L.L.P., which arose out of alleged claims which Carol
Whitsett had against Thomas A. Dardas that were not included or asserted in
litigation filed by Whitsett against Dardas.  It is ORDERED that the Motion is
granted as to those specific claims and causes of action against the Defendants
that Carol Whitsett had against Thomas A. Dardas that were not included or
asserted in litigation filed by Whitsett against Dardas, provided, however,
that it is further ORDERED that the Motion is denied as to Whitsett’s cause of
action alleging fraud and conspiracy to defraud.

 

After the partial summary judgment,
Whitsett’s remaining claims against Junell and A&K went to trial, including
claims for fraud, conspiracy to commit fraud, violations of the DTPA, and
breach of fiduciary duty.  The trial court granted Junell and A&K’s motion
for directed verdict on all of Whitsett’s claims except the breach of fiduciary
duty claim.  The jury, however, returned a verdict in favor of Junell and
A&K on the breach of fiduciary duty claim, and the trial court rendered a
final judgment that Junell did not engage in a clear and serious violation of
duty to Whitsett such that he should be required to forfeit his fee.[1]

Whitsett died in February 2002.  Her
estate pursues this litigation on her behalf, appealing the partial summary
judgment that dismissed Whitsett’s legal malpractice claims based on
limitations.  See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.,
192 S.W.3d 780, 785 (Tex. 2006) (“legal malpractice
claims alleging pure economic loss survive in favor of a deceased client’s
estate, because such claims are necessarily limited to recovery for property
damage”).

Statute of Limitations

Standard of Review

          Our review of a summary
judgment is de novo.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  We view all evidence in a light favorable to the nonmovant and indulge every
reasonable inference in the nonmovant’s favor.  Provident Life, 128
S.W.3d at 215.     

“A defendant moving for summary
judgment on an affirmative defense must prove each element of its defense as a
matter of law, leaving no issues of material fact.”  Garza v. Exel
Logistics, Inc., 161 S.W.3d 473, 475 n.10 (Tex. 2005).  Statute of
limitations is an affirmative defense.  Tex.
R. Civ. P. 94.

 

Equitable Tolling

A two-year statute of limitations governs
legal malpractice claims.  Tex. Civ.
Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2006); Willis v.
Maverick, 760 S.W.2d 642, 644 (Tex. 1988).  The statute of limitations
begins to run when the claim accrues.  Tex.
Civ. Prac. & Rem. Code Ann. § 16.003.  A legal
malpractice claim accrues when the client sustains a legal injury or, in cases
governed by the discovery rule, when the client discovers or should have
discovered through the exercise of reasonable care and diligence
the facts establishing the elements of the claim.  Hughes,
821 S.W.2d at 156; see also S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996) (legal injury rule); Willis, 760 S.W.2d at 646 (discovery rule).  In Hughes
v. Mahaney & Higgins, the Texas Supreme Court established a tolling
rule for the statute of limitations in legal malpractice cases: “[W]hen an
attorney commits malpractice in the prosecution or defense of a claim that
results in litigation, the statute of limitations on the malpractice claim
against the attorney is tolled until all appeals on the underlying claim are
exhausted.”  821 S.W.2d at 157; see also Murphy v. Campbell, 964 S.W.2d
265, 272 (Tex. 1997).  The Hughes rule applies even in cases in which the
attorney’s representation of the
client terminates after the act of negligence, but before the conclusion of the
litigation.  Apex Towing Co. v. Tolin,
41
S.W.3d 118, 121–22 (Tex. 2001).    

In Hughes, the Texas Supreme Court
expressed two policy reasons for tolling the statute of limitations when an
attorney commits malpractice in the prosecution or defense of a claim that
results in litigation.  821 S.W.2d at 156–57.  The court first pointed out that
the legal injury rule and the discovery rule can force a client into the
untenable position of having to adopt inherently inconsistent litigation
postures in the underlying case and the malpractice case.  Id. at 156 (noting
that party might be placed in position of asserting that her attorney committed
malpractice, and but for malpractice her claim would have succeeded, while at
same time asserting in underlying appeal that attorney’s actions were correct,
or at least not fatal to her claim).  The court then explained that limitations
should be tolled for the malpractice claim because the viability of that claim
depends on the outcome of the underlying litigation.  Id. at 157.  

The supreme court reinforced these policy considerations
in Sanchez v. Hastings, stating that “if the client must carefully
scrutinize every stage of the case for possible missteps it would erode the
trust between client and lawyer necessary for the successful prosecution of
litigation.”  898 S.W.2d 287, 288 (Tex. 1995).  Since the Texas Supreme Court
adopted the tolling rule in Hughes, the court has applied the rule
without further qualification to every legal malpractice case meeting the Hughes
parameters.  See Underkofler v. Vanasek, 53 S.W.3d 343, 347 (Tex.
2001); Apex Towing Co.,
41
S.W.3d at 121–23; Sanchez,
898 S.W.2d at 288; Am. Centennial Ins. Co. v. Canal Ins. Co., 843 S.W.2d
480, 483–84 (Tex. 1992); Gulf Coast Inv. Corp. v. Brown, 821 S.W.2d 159,
160 (Tex. 1991); Aduddell v. Parkhill, 821 S.W.2d 158, 159 (Tex. 1991), overruled
on other grounds, Underkofler,
53
S.W.3d at 347 (holding that Hughes tolling rule does not apply to DTPA
claims against attorney).  

In Apex Towing Co. v. Tolin, the Texas
Supreme Court instructed
lower courts to desist from re-examining whether the policy reasons behind Hughes
apply in each legal malpractice case presented and to “simply apply the Hughes
tolling rule to the category of legal-malpractice cases encompassed within its
definition.”  41 S.W.3d at 122.  The court stated, “in the area of limitations,
bright-line rules generally represent the better approach.”  Id.  The court also expressly disapproved of the intermediate courts of appeals cases upon
which Junell and A&K relied in seeking summary judgment from the trial
court in this case.  Id.

Application of Equitable Tolling in
This Case  

Here, Whitsett alleges
that Junell committed malpractice in the prosecution of her case
against Dardas by failing to pursue her tort claims, and by failing to file
related (though unidentified) tort claims in the first instance.  Junell and
A&K respond that the Hughes rule does not apply because Whitsett’s
legal malpractice claims arise only from Junell’s negligent failure to file
tort claims against Dardas, and thus he could not have committed malpractice “during
[his] prosecution or defense of a claim that result[ed] in litigation,” because
the unidentified additional tort claims that Whitsett contends should have been
brought against Dardas were never actually litigated.  Hughes, 821
S.W.2d at 157.  They further contend that the statute of limitations on
Whitsett’s legal malpractice claims should begin to run at the latest in
February 1991, when Junell withdrew from Whitsett’s case against Dardas.  

In the years since the Hughes decision,
however, the Texas Supreme Court has held that the phrase, “in the prosecution
or defense of a claim,” includes claims that should have been brought, but were
not.  See Sanchez, 898 S.W.2d at 288.  In Sanchez, Carlos Sanchez was electrocuted
when a portable crane mounted on his employer’s truck touched electrical
wires.  Id. at 287.  Carlos’s wife, Graciela, hired an attorney,
Steve Hastings, to represent her in a wrongful death action.  Id.  Hastings filed the wrongful death action against the manufacturer of the crane and
several other defendants.  Id.  Hastings did not sue Carlos’s employer,
Cedar Creek Fabricators.  Id.  The wrongful death action concluded on
August 29, 1990.  Id. at 288.  On August 28, 1992, Graciela brought a
legal malpractice claim against Hastings, contending that Hastings was negligent in failing to sue all possible tortfeasors who could have
contributed to the death of her husband.  Id.  The Texas Supreme Court
applied the Hughes rule, holding that the statute of limitations on
Sanchez’s malpractice claim against Hastings was tolled until the underlying
wrongful death litigation concluded.  Id. (“We hold that the statute of
limitations for malpractice for failure to sue a tortfeasor is tolled until
litigation has concluded against other tortfeasors liable for the same
indivisible injury.”).  The malpractice claim was therefore timely filed within the
two-year statute of limitations.  Id.

The supreme court applied the Hughes rule
phrase “claim that results in litigation” broadly in Sanchez.  898 S.W.2d at 288; Hughes, 821 S.W.2d at
157.  Sanchez’s “claim” “result[ed] in litigation” because she filed individual
claims against some of the tortfeasors liable for her injury.  Sanchez,
898 S.W.2d at 288; Hughes, 821 S.W.2d at 157.  The fact that Sanchez
did not file an individual claim against Cedar Creek Fabricators was irrelevant
for the purposes of the Hughes rule because her “claim,” which the court
defined in terms of her singular injury, had “result[ed] in litigation.”  Sanchez,
898 S.W.2d at 288; Hughes, 821 S.W.2d at 157.  

As in Sanchez, Whitsett’s malpractice claims against Junell
and A&K arose from an alleged failure to include or pursue tort claims in
the Dardas litigation.  Following Sanchez and Hughes, we hold
that Whitsett’s malpractice claims against Junell and A&K arose in the
prosecution of the Dardas litigation and therefore the Hughes rule
applies.  See Sanchez, 898 S.W.2d at 288; Hughes, 821
S.W.2d at 157 (“[W]hen an attorney commits malpractice in the prosecution or
defense of a claim that results in litigation, the statute of limitations on
the malpractice claim against the attorney is tolled until all appeals on the
underlying claim are exhausted.”).  

Junell and A&K failed to prove as a matter
of law that the scope of Junell’s representation of Whitsett was limited to
recovery of the two loans Whitsett made to Dardas, or that the additional
claims at issue constituted separate, divisible injuries for limitations
purposes.  Rather, Whitsett offered deposition testimony that the scope of the
Dardas litigation was not limited to the issue of the notes, but extended to
other tort claims:   

I asked him over and over again to please at least list the claims
that I wanted.  Even though he knew that the two notes would be an easy
recovery, he felt—and for which there was only 100,000—why would we want to sue
for anything other than what we can recover.  And I objected.  I just literally
kept, as Ed Cain did, going back to that constantly, for him to at least see
the policy.

 

He advised us, Ed Cain and I, that there was not enough insurance
coverage to even bring up and these were easy to collect on.  And although he
knew there were many more issues, that Dardas’ insurance malpractice was only
for 100,000 and these notes could easily be proved, and he mentioned that the
other issues are too complicated, convoluted for even a jury to understand.

 

In addition, the original petition in
the Dardas litigation alleges malpractice and breach of fiduciary duty as it
relates to Dardas’s representation of Whitsett generally and is not
specifically a suit to collect on the notes.  Whitsett has therefore produced
some summary judgment evidence that Dardas’s legal representation of her in
matters incident to her husband’s estate constitutes a “claim that result[ed]
in litigation” and an “indivisible injury” for the purposes of the Hughes
tolling rule.  See Sanchez, 898 S.W.2d at 288; Hughes, 821 S.W.2d at 157.
 In a case where an attorney represents a client on multiple claims arising out
of the same occurrence or subject matter, but negligently fails to file one or
more of those claims entirely, we hold that the Hughes rule tolls the
statute of limitations for a malpractice claim against the attorney until all
appeals for the underlying filed claims are exhausted.  See Sanchez, 898
S.W.2d at 288.  Like the court in Sanchez, we construe
the phrase “claim that results in litigation” to include all claims for an
indivisible injury that an attorney is hired to pursue on behalf of a client,
as well as any claim the attorney must assert on behalf of the client in the
exercise of reasonable care.  Id.[2]  Because the facts of this case
fall within the Hughes rule, the statute of limitations on Whitsett’s
legal malpractice claims against Junell and A&K was tolled until March 30,
1993, the day the Fifth Circuit dismissed Whitsett’s appeal in the Dardas
litigation.  Whitsett therefore timely filed her malpractice claims on March
30, 1995.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003; Hughes, 821 S.W.2d at 156–58; Kirkpatrick
v. Hurst, 484 S.W.2d 587, 588–89 (Tex. 1972) (explaining that suit filed on same date, two years after claim arose, would not be
barred by two-year statute of limitations).  The trial court erred in granting summary judgment in favor of
Junell and A&K on Whitsett’s legal malpractice claims on the basis of
limitations.  See Hughes, 821 S.W.2d at 157.  

Conclusion

          After the trial court
ruled on the limitations issue in this case, the Texas Supreme Court clarified
the scope of the Hughes tolling rule to include the legal malpractice claims
Whitsett asserts and disapproved of the authorities relied on in the trial
court for summary judgment.  See Apex Towing Co., 41 S.W.3d at 121–22; Sanchez, 898 S.W.2d at 288.  We hold that the Hughes
rule applies to Whitsett’s malpractice claims against Junell and A&K.  See
Hughes, 821 S.W.2d at 157.  The trial court therefore erred
in granting Junell and A&K’s motion for partial summary judgment on the
basis of limitations.  We reverse and remand the cause for further proceedings.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.









[1] Whitsett contends that Junell failed to file
“additional tort claims,” and failed to pursue the tort claims that he did file
in the original petition in the Dardas litigation.  It is unclear from the
record whether the trial court’s partial summary judgment includes claims that
Junell filed but did not pursue, or just tort claims that were never filed,
leaving the former for trial on the merits.  We analyze both for limitations
purposes and leave the scope of the partial summary judgment for the trial
court to address on remand.

 





[2] Junell and A&K cite Sharpe v. Roman Catholic
Diocese of Dallas in support of their contention that the Hughes
rule does not apply to Whitsett’s legal malpractice claims.  97 S.W.3d 791,
796–97 (Tex. App.—Dallas 2003, pet. denied).  In Sharpe, the plaintiff,
Francis Sharpe, searched through trash containers for documents discarded by
the Catholic Diocese.  Id. at 793.  Sharpe then unsuccessfully sought to
interject himself into ongoing litigation against the Diocese (the “Kos litigation”).  Id. at 794.  Windle Turley, counsel for the plaintiffs in
the Kos litigation, eventually deposed Sharpe and had him produce the
documents he found in the dumpster.  Id.  Turley sent a letter to Sharpe
telling him that he was turning the documents over to the Diocese, but that he
would file a motion seeking their return to Sharpe.  Id.  Turley gave the documents to Randall Mathis, the attorney for the
Diocese.  Id.  The Diocese then filed a motion
in the trial court that had rendered judgment in the Kos litigation,
asserting that the documents produced by Sharpe at his deposition were
privileged and had been improperly taken.  Id.  The trial court granted
the motion.  Id.  Sharpe filed an appeal and a writ of mandamus pro se, asserting
the order was void because the trial court lacked jurisdiction.  Id.  The appeals court conditionally issued the writ, holding that the dispute over
ownership of the documents should be resolved by a suit in which Sharpe was a
party.  Id.  Sharpe late filed a legal malpractice action against
Turley and Mathis, which the trial court dismissed as barred by limitations.  Id. at 795.  The Dallas Court of Appeals affirmed, holding, “there was no underlying
litigation out of which Sharpe’s claims arose” because Sharpe was not a party
in the Kos litigation.  Id. at 797.  In contrast, Whitsett’s
legal malpractice claims against Junell and A&K arose from the underlying
Dardas litigation, in which she was a party with Junell as her counsel.  Whitsett’s
case thus is distinguishable from Sharpe because Sharpe’s legal
malpractice claims against Turley and Mathis did not arise from the Kos
litigation because Sharpe was not a party to the Kos litigation; rather,
Sharpe was a deponent whom Turley had subpoenaed to produce some documents.  Id. at 797.