Terry Topham and Michael P. Warren, San Antonio, for respondents.

Graciela Avila SANCHEZ, Petitioner

v.

Steve T. HASTINGS, Guy H. Allison, Alberto R. Huerta, and Allison & Huerta, Respondents.

No. 94–0886.

Supreme Court of Texas.

April 27, 1995.

Rehearing Overruled June 15, 1995.

On Application for Writ of Error to the Court of Appeals for the Fourth District of Texas

PER CURIAM.

Graciela Sanchez filed a legal malpractice suit against the law firm of Allison & Huerta, P.C. and three of its lawyers. The trial court rendered a summary judgment for defendants on the ground that the two-year statute of limitations precluded the suit. The court of appeals affirmed. 880 S.W.2d 471. Because we conclude that the pendency of the underlying wrongful death litigation tolled the statute until the litigation concluded, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings.

We review the summary judgment proof in the light most favorable to Sanchez, the non-movant. On June 8, 1984, Graciela Sanchez's husband, Carlos Sanchez, was killed when a portable crane mounted on his employer's truck came in contact with electrical wires. Steve Hastings, an attorney at Allison & Huerta, P.C., filed a wrongful death and survivor action on behalf of Graciela Sanchez individually, as executor of her husband's estate, and as guardian of their minor child against the manufacturer of the crane, and several other defendants. Hastings did not sue Carlos Sanchez's employer, Cedar Creek Fabricators. While representing Graciela Sanchez, Hastings also served as the attorney for Cedar Creek Fabricators' workers' compensation insurance carrier in its subro-

gation action against the defendants for reimbursement of the death benefits paid to Carlos Sanchez's family.

The trial court appointed an attorney ad litem for the minor child. The ad litem filed a claim for gross negligence on behalf of the child against her father's employer, Cedar Creek Fabricators. By the time the ad litem filed the claim, however, the statute of limitations had run for Graciela Sanchez to file her own gross negligence action against the employer.

The court held a hearing on May 1, 1990 to consider a settlement agreement with one of the defendants and Hastings' motion to be designated lead counsel representing the minor child. During arguments before the bench, the attorneys discussed the fact that Hastings may have had a conflict of interest in representing both Sanchez and Cedar Creek Fabricators. Sanchez was present in the courtroom during the hearing.

The trial court rendered the final judgment against the defendants in the wrongful death lawsuit on August 29, 1990. In October 1990, Sanchez contacted the ad litem, who explained to her the possibility of a claim against her attorneys for malpractice. On August 28, 1992, Graciela Sanchez filed the present lawsuit against Hastings and his firm.

The defendants moved for summary judgment on the ground that limitations ran from the May 1, 1990, and therefore barred Sanchez's cause of action. Sanchez's response asserted among other things that limitations should be tolled during the pendency of the wrongful death litigation, citing *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991). The trial court granted a summary judgment in favor of the defendants on the ground that the two-year statute of limitations had run.

In *Hughes*, we held that "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." *Id.* at 157. The holding in *Hughes* necessarily tolls limitations during the trial court proceedings.

Our holding in *Hughes* was based in part on the policy that a client should not be forced to take inconsistent positions in the underlying litigation and the malpractice action, thereby jeopardizing success in both. *Id.* The policy in *Hughes* applies here. A client such as Sanchez should not be forced to assert a claim against her lawyer for failure to add all tortfeasors prior to concluding the litigation against the defendants who were sued. A contrary rule would jeopardize the client's claims against the remaining defendants. Moreover, if the client must carefully scrutinize every stage of the case for possible missteps it would erode the trust between client and lawyer necessary for the successful prosecution of litigation.

We hold that the statute of limitations for malpractice for failure to sue a tortfeasor is tolled until litigation has concluded against other tortfeasors liable for the same indivisible injury. Accordingly, a majority of this Court grants Sanchez's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands this cause to the trial court for further proceedings consistent with this opinion. Tex.R.App.P. 170.