Opinion issued November 15, 2007                                                                     











In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00044-CV
  __________
 
JOHN LEWIS NOWAK, Appellant
 
V.
 
 JEANNE PELLIS AND JOHN HEISLER, Appellees
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2004-09878
 

 
 
O P I N I O N
          John Lewis Nowak, appellant, brought a legal malpractice action against Jeanne
Pellis and John Heisler (“the attorneys”), appellees, for their actions in representing
him in a medical malpractice suit. The attorneys filed a motion for summary
judgment, arguing that part of Nowak’s claim was barred by the statute of limitations
and that Nowak’s recovery is precluded by the “one satisfaction” rule based on his
previous settlement with an underlying defendant. The trial court granted the
attorneys’ motion for summary judgment. Nowak appeals, asserting that the court
erred in granting summary judgment because (1) the statute of limitations was tolled
under the Hughes


 rule, and (2) the one satisfaction rule is inapplicable because the
attorneys failed to prove that Nowak received full satisfaction for his injuries from his
settlement with the underlying defendant. We reverse the trial court’s granting of the
attorneys’ motion for summary judgment and remand for a new trial.
Factual and Procedural History



          On May 31, 1990, Nowak underwent surgery for a shoulder injury at Twelve
Oaks Hospital. Dr. Fernando Azevedo, a member of Greater Houston Anesthesia,
administered anesthesia to Nowak. Following the surgery, Nowak contracted a staph
infection in his shoulder. He hired Pellis to file a medical malpractice suit against Dr.
Azevedo, Twelve Oaks, and Greater Houston Anesthesia. Heisler later appeared as
Pellis’s co-counsel at a court-ordered mediation. The attorneys failed to timely serve
Azevedo, and Twelve Oaks and Greater Houston Anesthesia filed motions for
summary judgment based on Nowak’s lack of expert testimony establishing a breach
in the applicable standards of care regarding the treatment, diagnosis, and monitoring
of Nowak. Pellis then filed a motion to withdraw as Nowak’s counsel. The trial court
granted Pellis’s motion to withdraw, and Nowak eventually hired Joe Alfred Izen, Jr.
to represent him. Izen filed a motion to enlarge time to file a response to the motions
for summary judgment. The trial court denied the motion to enlarge time and granted
Twelve Oaks’s and Greater Houston Anesthesia’s motions for summary judgment. 
          Nowak attempted to appeal the denial of the motion to enlarge time, but the
court of appeals dismissed the appeal because the district clerk’s office failed to timely
file the clerk’s record. Nowak responded by filing a bill of review. The trial court
granted Greater Houston Anesthesia’s summary judgment on the bill of review. After
successfully arguing that he was never served and the time for so doing had expired,
Azevedo was also granted summary judgment. The Amarillo court of appeals reversed
the trial court’s granting of summary judgment on Nowak’s bill of review and
remanded the case for a new trial. At this point, Twelve Oaks settled with Nowak for
an undisclosed amount. Nowak also filed a motion to nonsuit Azevedo, which was
granted on April 4, 1995. This left Greater Houston Anesthesia as the last remaining
defendant from Nowak’s medical malpractice suit. Nowak’s bill of review against
Greater Houston Anesthesia was eventually dismissed, which ended the litigation
concerning Nowak’s medical malpractice suit. 
          On February 6, 2004, Nowak sued the attorneys for legal malpractice based on
their handling of his medical malpractice suit. Specifically, Nowak asserted that the
attorneys committed legal malpractice by failing to timely serve Azevedo, conduct
proper discovery, and obtain expert testimony on the defendants’ standards of care. 
The attorneys filed a motion for summary judgment, arguing that the statute of
limitations barred all of Nowak’s legal malpractice claims, or, at least, his claim
relating to the attorneys’ failure to timely serve Azevedo, and that the one satisfaction
rule precluded Nowak from recovering anything further. The trial court granted the
attorneys’ motion for summary judgment, disposing of all issues. Nowak appeals.
Summary Judgment
          In his sole issue on appeal, Nowak argues that the trial court erred in granting
the attorneys’ motion for summary judgment. Nowak asserts that the statute of
limitations on his legal malpractice claim was tolled under the Hughes rule, which
holds that a claim against an attorney for legal malpractice is tolled until appeals on
the underlying claim which is the basis of the malpractice have been exhausted. 
Hughes, 821 S.W.2d at 157. Nowak also contends that the trial court erred in granting
summary judgment based on the one satisfaction rule, because the attorneys never
alleged or proved that Nowak received full satisfaction for his injuries from his
settlement with Twelve Oaks.
Standard of Review
          A party moving for traditional summary judgment has the burden of proving
that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). When a defendant moves for
traditional summary judgment, he must either (1) disprove at least one element of the
plaintiff’s cause of action or (2) plead and conclusively establish each essential
element of its affirmative defense, thereby defeating the plaintiff’s cause of action. 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Yazdchi v. Bank One, Tex., N.A.,
177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). We review
the granting of summary judgment de novo. See Nelson v. Cheney, 193 S.W.3d 161,
165 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
          When reviewing a summary judgment, we take as true evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in favor of
the nonmovant. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985). When a summary judgment does not specify or state the grounds on which the
trial court relied, the nonmovant on appeal must negate any grounds on which the trial
court could have relied, and we will affirm the summary judgment on appeal if any of
the grounds presented in the motion is meritorious. See Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Mellon Serv. Co. v. Touche Ross &
Co., 17 S.W.3d 432, 435 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A
nonmovant is required to show that each ground alleged in the motion for summary
judgment was insufficient to support summary judgment. Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995).
The Hughes Rule 
          Novak first asserts that the trial court erred in granting the attorneys’ motion for
summary judgment because his legal malpractice cause of action against them was not
barred by the statute of limitations. Specifically, Novak argues that the Hughes rule
tolled the statute of limitations on his legal malpractice claims until all appeals were
exhausted in the underlying litigation made the subject of this suit. See Hughes, 821
S.W.2d at 157.
          A two-year statute of limitations governs legal malpractice claims. Tex. Civ.
Prac. & Rem.Code Ann. § 16.003 (Vernon Supp. 2006); Willis v. Maverick, 760
S.W.2d 642, 644 (Tex. 1988). The statute of limitations begins to run when the claim
accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. A legal malpractice claim
accrues when the client sustains a legal injury or, in cases governed by the discovery
rule, when the client discovers or should have discovered through the exercise of
reasonable care and diligence the facts establishing the elements of the claim. Hughes,
821 S.W.2d at 156; see also S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996) (legal injury
rule); Willis, 760 S.W.2d at 646 (discovery rule). 
          However, in Hughes, the Texas Supreme Court established an equitable tolling
rule for the statute of limitations in legal malpractice cases: “[W]hen an attorney
commits malpractice in the prosecution or defense of a claim that results in litigation,
the statute of limitations on the malpractice claim against the attorney is tolled until
all appeals on the underlying claim are exhausted.” 821 S.W.2d at 157. The court
expressed two policy reasons for tolling the statute of limitations when an attorney
commits malpractice in the prosecution or defense of a claim that results in litigation. 
Id. at 821 S.W.2d at 156–57. The court first pointed out that the legal injury rule and
the discovery rule can force a client into the untenable position of having to adopt
inherently inconsistent litigation postures in the underlying case and the malpractice
case. Id. at 156 (noting that party might be placed in a position of asserting that her
attorney committed malpractice, and, but for malpractice, her claim would have
succeeded, while at same time asserting in an underlying appeal that attorney’s actions
were correct, or at least not fatal to her claim). The court then explained that
limitations should be tolled for the malpractice claim because the viability of that
claim depends on the outcome of the underlying litigation. Id. at 157.
          In their motion for summary judgment, the attorneys argue that equitable tolling
is inapplicable here because this case is legally and factually distinguishable from
Hughes. Their argument centers on Nowak’s nonsuit of Azevedo on April 4, 1995. 
They assert that, because there were no longer any pending legal proceedings
concerning Azevedo, Nowak would not be asserting inconsistent positions by suing
the attorneys for their alleged legal malpractice in failing to serve Azevedo, while still
pursuing his claims against the defendants in the underlying suit. Therefore,
according to the attorneys, because nothing prevented Nowak from bringing his claim
against them for failing to serve Azevedo once Azevedo had been nonsuited in 1995,
the two-year limitations period had long since passed when Nowak filed this claim on
February 26, 2004. We disagree.
          Since the Texas Supreme Court adopted the equitable tolling rule in Hughes, the
court has applied the rule to every legal malpractice case meeting the Hughes
parameters. See Underkofler v. Vanasek, 53 S.W.3d 343, 347 (Tex. 2001); Apex
Towing Co. v. Tolin, 41 S.W.3d 118, 121–23 (Tex. 2001); Sanchez v. Hastings, 898
S.W.2d 287, 288 (Tex. 1995); Am. Centennial Ins. Co. v. Canal Ins. Co., 843 S.W.2d
480, 483–84 (Tex. 1992); Gulf Coast Inv. Corp. v. Brown, 821 S.W.2d 159, 160 (Tex.
1991); Aduddell v. Parkhill, 821 S.W.2d 158, 159 (Tex. 1991), overruled on other
grounds, Underkofler, 53 S.W.3d at 347 (holding that Hughes tolling rule does not
apply to Deceptive Trade Practices Act claims against attorney).
          The supreme court reinforced the Hughes policy considerations in Sanchez,
stating that, “if the client must carefully scrutinize every stage of the case for possible
missteps it would erode the trust between client and lawyer necessary for the
successful prosecution of litigation.” 898 S.W.2d at 288. In Sanchez, the plaintiff’s
attorney failed to file suit against a viable defendant in a wrongful death action. Id.
at 287. In determining that Hughes tolled limitations on the plaintiff’s legal
malpractice claim, the court held, “the statute of limitations for malpractice for failure
to sue a tortfeasor is tolled until litigation has concluded against other tortfeasors
liable for the same indivisible injury.” Id. at 288. We recently applied Sanchez in
holding that “we construe the phrase ‘claim that results in litigation’ to include all
claims for an indivisible injury that an attorney is hired to pursue on behalf of a
client.” Estate of Whitsett v. Junell, 218 S.W.3d 765, 771 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).
          In Apex Towing, the Texas Supreme Court instructed lower courts to desist from
re-examining whether the policy reasons behind Hughes apply in each legal
malpractice case presented and to “simply apply the Hughes tolling rule to the
category of legal-malpractice cases encompassed within its definition.” 41 S.W.3d at
122. The court added, “in the area of limitations, bright-line rules generally represent
the better approach.” Id.
          Following the supreme court’s holdings in Sanchez and Apex, we hold that,
because Nowak’s legal malpractice claims against the attorneys arose in the
prosecution of Nowak’s medical malpractice claims, the Hughes doctrine applies. 
Even though Nowak had nonsuited Azevedo, his claims for the same indivisible injury
against Twelve Oaks and Greater Houston Anesthesia were still ongoing. The
underlying litigation ended when Nowak’s bill of review against Greater Houston
Anesthesia was dismissed. Nowak had two years from that point in which to bring his
legal malpractice claims, including those claims which involved Azevedo. We note
that the record does not indicate the date on which the bill of review against Greater
Houston Anesthesia was dismissed. The attorneys bore the burden of proving their
entitlement to summary judgment as a matter of law. See Cathey, 900 S.W.2d at 341. 
However, the attorneys asserted no evidence showing that Nowak’s legal malpractice
suit, filed on February 26, 2004, was barred by the limitations period. Therefore,
because the statute of limitations was tolled until all litigation ended on Nowak’s
underlying medical malpractice claim, we hold that the trial court erred in granting the
attorneys’ motion for summary judgment based on the statute of limitations.
The One Satisfaction Rule
          Nowak also argues that his claims were not barred by the one satisfaction rule. 
He contends that, because the attorneys failed to plead and conclusively establish each
element of the one satisfaction rule as a matter of law, the trial court erred in granting
summary judgment on this basis. We agree.
          The one satisfaction rule prohibits a plaintiff from recovering twice for a single
injury. Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000). Under the
rule, the nonsettling defendant may only claim a credit based on the damages for
which all tortfeasors are jointly liable. Id. at 391. The rule applies when defendants
commit the same acts as well as when defendants commit technically differing acts
that result in a single injury. Id. at 390. The fact that more than one defendant may
have caused the injury or that there may be more than one theory of liability does not
modify this rule. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 8 (Tex. 1991). 
Whether the rule applies is determined not by the cause of action, but by the injury. 
Id. at 7–8. Moreover, the absence of tort liability does not preclude the application of
the one satisfaction rule. Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc., 176
S.W.3d 307, 327 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).
          The one satisfaction rule is a ground for summary judgment in cases in which
(1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the
maximum amount of liability claimed by the plaintiff, and (3) punitive damages are
not at issue. Cohen v. Arthur Andersen, L.L.P., 106 S.W.3d 304, 309–10 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). 
          Nowak contends that the attorneys are, at most, entitled to a credit amount equal
to the amount of his settlement with Twelve Oaks. Nowak argues that summary
judgment was improper because nothing shows that the settlement amount entirely
sets-off the maximum amount of liability claimed by Nowak. We agree. The
attorneys produced no evidence showing that Nowak’s damages were covered in full
by the settlement he received from Twelve Oaks. Therefore, we hold that the trial
court erred in granting the attorneys’ summary judgment based on the one satisfaction
rule.  Having determined that the trial court erred in granting the attorneys’ motion
for summary judgment, we sustain Nowak’s sole issue.
Conclusion
          We reverse the trial court’s order granting summary judgment and remand to
the trial court for a new trial. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley.