John Lewis NOWAK, Appellant,

v.

Jeanne PELLIS and John Heisler, Appellees.

No. 01–06–00044–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 15, 2007.

Rehearing Overruled Jan. 22, 2008.

Joe A. Izen Jr., Bellaire, TX, John Heisler, Medrano & Heisler, Austin, TX, for Appellant.

L.T. "Butch" Bradt, Teltschik & Associates, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

John Lewis Nowak, appellant, brought a legal malpractice action against Jeanne Pellis and John Heisler ("the attorneys"), appellees, for their actions in representing him in a medical malpractice suit. The attorneys filed a motion for summary judgment, arguing that part of Nowak's claim was barred by the statute of limitations and that Nowak's recovery is precluded by the "one satisfaction" rule based on his previous settlement with an underlying defendant. The trial court granted the attorneys' motion for summary judgment. Nowak appeals, asserting that the court erred in granting summary judgment because (1) the statute of limitations was tolled under the *Hughes*[1] rule, and (2) the one satisfaction rule is inapplicable because the attorneys failed to prove that Nowak received full satisfaction for his injuries from his settlement with the underlying defendant. We reverse the trial court's granting of the attorneys' motion for summary judgment and remand for a new trial.

### Factual and Procedural History[2]

On May 31, 1990, Nowak underwent surgery for a shoulder injury at Twelve Oaks Hospital. Dr. Fernando Azevedo, a member of Greater Houston Anesthesia, administered anesthesia to Nowak. Following the surgery, Nowak contracted a staph infection in his shoulder. He hired Pellis to file a medical malpractice suit against Dr. Azevedo, Twelve Oaks, and Greater Houston Anesthesia. Heisler later appeared as Pellis's co-counsel at a court-ordered mediation. The attorneys failed to timely serve Azevedo, and Twelve Oaks

---

1. *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991).

2. There was no recitation of facts in either the motion or responses to the motion for summary judgment. This background section is based on the recitation found in the Nowak's original petition.

and Greater Houston Anesthesia filed motions for summary judgment based on Nowak's lack of expert testimony establishing a breach in the applicable standards of care regarding the treatment, diagnosis, and monitoring of Nowak. Pellis then filed a motion to withdraw as Nowak's counsel. The trial court granted Pellis's motion to withdraw, and Nowak eventually hired Joe Alfred Izen, Jr. to represent him. Izen filed a motion to enlarge time to file a response to the motions for summary judgment. The trial court denied the motion to enlarge time and granted Twelve Oaks's and Greater Houston Anesthesia's motions for summary judgment.

Nowak attempted to appeal the denial of the motion to enlarge time, but the court of appeals dismissed the appeal because the district clerk's office failed to timely file the clerk's record. Nowak responded by filing a bill of review. The trial court granted Greater Houston Anesthesia's summary judgment on the bill of review. After successfully arguing that he was never served and the time for so doing had expired, Azevedo was also granted summary judgment. The Amarillo court of appeals reversed the trial court's granting of summary judgment on Nowak's bill of review and remanded the case for a new trial. At this point, Twelve Oaks settled with Nowak for an undisclosed amount. Nowak also filed a motion to nonsuit Azevedo, which was granted on April 4, 1995. This left Greater Houston Anesthesia as the last remaining defendant from Nowak's medical malpractice suit. Nowak's bill of review against Greater Houston Anesthesia was eventually dismissed, which ended the litigation concerning Nowak's medical malpractice suit.

On February 6, 2004, Nowak sued the attorneys for legal malpractice based on their handling of his medical malpractice suit. Specifically, Nowak asserted that the attorneys committed legal malpractice by failing to timely serve Azevedo, conduct proper discovery, and obtain expert testimony on the defendants' standards of care. The attorneys filed a motion for summary judgment, arguing that the statute of limitations barred all of Nowak's legal malpractice claims, or, at least, his claim relating to the attorneys' failure to timely serve Azevedo, and that the one satisfaction rule precluded Nowak from recovering anything further. The trial court granted the attorneys' motion for summary judgment, disposing of all issues. Nowak appeals.

## Summary Judgment

In his sole issue on appeal, Nowak argues that the trial court erred in granting the attorneys' motion for summary judgment. Nowak asserts that the statute of limitations on his legal malpractice claim was tolled under the *Hughes* rule, which holds that a claim against an attorney for legal malpractice is tolled until appeals on the underlying claim which is the basis of the malpractice have been exhausted. *Hughes,* 821 S.W.2d at 157. Nowak also contends that the trial court erred in granting summary judgment based on the one satisfaction rule, because the attorneys never alleged or proved that Nowak received full satisfaction for his injuries from his settlement with Twelve Oaks.

### Standard of Review

A party moving for traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). When a defendant moves for traditional summary judgment, he must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action.

*Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995); *Yazdchi v. Bank One, Tex., N.A.,* 177 S.W.3d 399, 404 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). We review the granting of summary judgment de novo. *See Nelson v. Chaney,* 193 S.W.3d 161, 165 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

When reviewing a summary judgment, we take as true evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). When a summary judgment does not specify or state the grounds on which the trial court relied, the nonmovant on appeal must negate any grounds on which the trial court could have relied, and we will affirm the summary judgment on appeal if any of the grounds presented in the motion is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Mellon Serv. Co. v. Touche Ross & Co.,* 17 S.W.3d 432, 435 (Tex.App.-Houston [1st Dist.] 2000, no pet.). A nonmovant is required to show that each ground alleged in the motion for summary judgment was insufficient to support summary judgment. *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

### The *Hughes* Rule

■ Novak first asserts that the trial court erred in granting the attorneys' motion for summary judgment because his legal malpractice cause of action against them was not barred by the statute of limitations. Specifically, Novak argues that the *Hughes* rule tolled the statute of limitations on his legal malpractice claims until all appeals were exhausted in the underlying litigation made the subject of this suit. *See Hughes,* 821 S.W.2d at 157.

■ A two-year statute of limitations governs legal malpractice claims. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2006); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The statute of limitations begins to run when the claim accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003. A legal malpractice claim accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of the claim. *Hughes,* 821 S.W.2d at 156; *see also S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996) (legal injury rule); *Willis,* 760 S.W.2d at 646 (discovery rule).

■ However, in *Hughes,* the Texas Supreme Court established an equitable tolling rule for the statute of limitations in legal malpractice cases: "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." 821 S.W.2d at 157. The court expressed two policy reasons for tolling the statute of limitations when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation. *Id.* at 821 S.W.2d at 156–57. The court first pointed out that the legal injury rule and the discovery rule can force a client into the untenable position of having to adopt inherently inconsistent litigation postures in the underlying case and the malpractice case. *Id.* at 156 (noting that party might be placed in a position of asserting that her attorney committed malpractice, and, but for malpractice, her claim would have succeeded, while at same time asserting in an underlying appeal that attorney's actions were correct, or at least not fatal to her claim). The court then explained that limitations should be tolled for the malpractice claim because the via-

bility of that claim depends on the outcome of the underlying litigation. *Id.* at 157.

In their motion for summary judgment, the attorneys argue that equitable tolling is inapplicable here because this case is legally and factually distinguishable from *Hughes.* Their argument centers on Nowak's nonsuit of Azevedo on April 4, 1995. They assert that, because there were no longer any pending legal proceedings concerning Azevedo, Nowak would not be asserting inconsistent positions by suing the attorneys for their alleged legal malpractice in failing to serve Azevedo, while still pursuing his claims against the defendants in the underlying suit. Therefore, according to the attorneys, because nothing prevented Nowak from bringing his claim against them for failing to serve Azevedo once Azevedo had been nonsuited in 1995, the two-year limitations period had long since passed when Nowak filed this claim on February 26, 2004. We disagree.

Since the Texas Supreme Court adopted the equitable tolling rule in *Hughes,* the court has applied the rule to every legal malpractice case meeting the *Hughes* parameters. *See Underkofler v. Vanasek,* 53 S.W.3d 343, 347 (Tex.2001); *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 121–23 (Tex. 2001); *Sanchez v. Hastings,* 898 S.W.2d 287, 288 (Tex.1995); *Am. Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480, 483–84 (Tex.1992); *Gulf Coast Inv. Corp. v. Brown,* 821 S.W.2d 159, 160 (Tex.1991); *Aduddell v. Parkhill,* 821 S.W.2d 158, 159 (Tex.1991), *overruled on other grounds, Underkofler,* 53 S.W.3d at 347 (holding that *Hughes* tolling rule does not apply to Deceptive Trade Practices Act claims against attorney).

The supreme court reinforced the *Hughes* policy considerations in *Sanchez,* stating that, "if the client must carefully scrutinize every stage of the case for possible missteps it would erode the trust be-tween client and lawyer necessary for the successful prosecution of litigation." 898 S.W.2d at 288. In *Sanchez,* the plaintiff's attorney failed to file suit against a viable defendant in a wrongful death action. *Id.* at 287. In determining that *Hughes* tolled limitations on the plaintiff's legal malpractice claim, the court held, "the statute of limitations for malpractice for failure to sue a tortfeasor is tolled until litigation has concluded against other tortfeasors liable for the same indivisible injury." *Id.* at 288. We recently applied *Sanchez* in holding that "we construe the phrase 'claim that results in litigation' to include all claims for an indivisible injury that an attorney is hired to pursue on behalf of a client." *Estate of Whitsett v. Junell,* 218 S.W.3d 765, 771 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

In *Apex Towing,* the Texas Supreme Court instructed lower courts to desist from re-examining whether the policy reasons behind *Hughes* apply in each legal malpractice case presented and to "simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition." 41 S.W.3d at 122. The court added, "in the area of limitations, bright-line rules generally represent the better approach." *Id.*

Following the supreme court's holdings in *Sanchez* and *Apex,* we hold that, because Nowak's legal malpractice claims against the attorneys arose in the prosecution of Nowak's medical malpractice claims, the *Hughes* doctrine applies. Even though Nowak had nonsuited Azevedo, his claims for the same indivisible injury against Twelve Oaks and Greater Houston Anesthesia were still ongoing. The underlying litigation ended when Nowak's bill of review against Greater Houston Anesthesia was dismissed. Nowak had two years from that point in which to bring his legal malpractice claims, including those claims

which involved Azevedo. We note that the record does not indicate the date on which the bill of review against Greater Houston Anesthesia was dismissed. The attorneys bore the burden of proving their entitlement to summary judgment as a matter of law. *See Cathey*, 900 S.W.2d at 341. However, the attorneys asserted no evidence showing that Nowak's legal malpractice suit, filed on February 26, 2004, was barred by the limitations period. Therefore, because the statute of limitations was tolled until all litigation ended on Nowak's underlying medical malpractice claim, we hold that the trial court erred in granting the attorneys' motion for summary judgment based on the statute of limitations.

## The One Satisfaction Rule

 Nowak also argues that his claims were not barred by the one satisfaction rule. He contends that, because the attorneys failed to plead and conclusively establish each element of the one satisfaction rule as a matter of law, the trial court erred in granting summary judgment on this basis. We agree.

 The one satisfaction rule prohibits a plaintiff from recovering twice for a single injury. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex.2000). Under the rule, the nonsettling defendant may only claim a credit based on the damages for which all tortfeasors are jointly liable. *Id.* at 391. The rule applies when defendants commit the same acts as well as when defendants commit technically differing acts that result in a single injury. *Id.* at 390. The fact that more than one defendant may have caused the injury or that there may be more than one theory of liability does not modify this rule. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex.1991). Whether the rule applies is determined not by the cause of action, but by the injury. *Id.* at 7–8. Moreover, the

absence of tort liability does not preclude the application of the one satisfaction rule. *Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc.*, 176 S.W.3d 307, 327 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).

 The one satisfaction rule is a ground for summary judgment in cases in which (1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff, and (3) punitive damages are not at issue. *Cohen v. Arthur Andersen, L.L.P.*, 106 S.W.3d 304, 309–10 (Tex. App.-Houston [1st Dist.] 2003, no pet.).

Nowak contends that the attorneys are, at most, entitled to a credit amount equal to the amount of his settlement with Twelve Oaks. Nowak argues that summary judgment was improper because nothing shows that the settlement amount entirely sets-off the maximum amount of liability claimed by Nowak. We agree. The attorneys produced no evidence showing that Nowak's damages were covered in full by the settlement he received from Twelve Oaks. Therefore, we hold that the trial court erred in granting the attorneys' summary judgment based on the one satisfaction rule. Having determined that the trial court erred in granting the attorneys' motion for summary judgment, we sustain Nowak's sole issue.

## Conclusion

We reverse the trial court's order granting summary judgment and remand to the trial court for a new trial.