

NUMBER 13-12-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RONALD MATTHEWS AND                          **Appellants,**
WIFE, VICKIE MATTHEWS,

**v.**

P.D. SOHN D/B/A LAKESHORE SPORTS                 **Appellee.**

**On appeal from the 9th District Court of
Montgomery County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza**

By two issues, appellants Ronald and wife, Vickie Matthews contend that the trial

court erred in rendering summary judgment in favor of appellee P.D. Sohn d/b/a

Lakeshore Sports ("Lakeshore").[1]  Specifically, appellants contend the trial court erred in:  (1) applying the one satisfaction rule to bar their recovery from Lakeshore; and (2) granting summary judgment because material fact issues exist regarding Lakeshore's one-satisfaction-rule affirmative defense.  We reverse and remand.[2]

## I. BACKGROUND

In the fall of 2006, appellants purchased a thirty-two-foot cabin cruiser from Lakeshore for $254,000.00.  The boat was manufactured by Cobalt Boats.  Several months after the purchase, appellants began experiencing numerous problems with the boat, including battery problems, oil leaks, and port hole leaks.  The most serious problem involved the boat's electronic gear shift-and-throttle mechanism, which allegedly caused the boat to unexpectedly propel forward when it was in the "neutral" gear-shift position.

For several months in late 2007 and early 2008, the boat was at Cobalt's manufacturing facility for repairs.  In January 2009, however, another incident occurred in which the boat unexpectedly propelled forward while in the "neutral" position. Appellants sued Cobalt and Lakeshore, alleging violations of the Deceptive Trade Practices Act ("DTPA"), breach of express and implied warranties, and breach of contract.  Cobalt later identified ZF Marine Electronics, LLC f/k/a ZF Mathers, LLC ("ZF"), the manufacturer of the shift-and-throttle mechanism, as a responsible third party, and appellants amended their petition to include ZF as a defendant.

---

[1] On May 10, 2013, when the parties were notified that this case was set for submission on May 31, 2013, ZF Marine Electronics, LLC f/k/a ZF Mathers, LLC ("ZF") was an appellee.  However, on May 13, 2013, appellants filed a motion to dismiss ZF from the appeal pursuant to a settlement.  On June 11, 2013, this Court granted appellants' motion and dismissed ZF from this appeal.

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

In May 2011, appellants settled with Cobalt for $275,000.00 and dismissed their claims against it. Lakeshore and ZF filed a joint traditional motion for summary judgment, in which they asserted that under the one satisfaction rule, appellants' settlement with Cobalt barred a second recovery from Lakeshore and ZF for the same injuries. Lakeshore and ZF also filed a joint no-evidence partial motion for summary judgment, in which they argued that appellants had presented no evidence to support their claim for exemplary damages.[3] The trial court granted Lakeshore and ZF's traditional motion for summary judgment and did not rule on their no-evidence partial motion for summary judgment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a summary judgment case, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). The movant has the burden of proof. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A defendant who conclusively negates at least one essential element of the plaintiff's cause of action, or who conclusively establishes all of the elements of an affirmative defense, is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). The burden to raise a fact issue shifts to the non-movant only after the movant has established that it is entitled to summary judgment as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

---

[3] In their Second Supplemental Petition, in addition to their DTPA and breach of express and implied warranties claims, appellants asserted causes of action for fraud, fraud in the inducement, and negligent design. They also sought exemplary damages.

We review a traditional motion for summary judgment de novo. *Frost Nat'l Bank*, 315 S.W.3d at 508. To determine if the non-movant raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

"The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991). "Appellate courts have applied the one satisfaction rule when the defendants commit the same act as well as when defendants commit technically differing acts which result in a single injury." *Id.* "There can be but one recovery for one injury, and the fact that more than one defendant may have caused the injury or that there may be more than one theory of liability, does not modify this rule." *Id.* at 8. "The nonsettling defendant is entitled to offset any liability for joint and several damages by the amount of common damages paid by the settling defendant, but not for any amount of separate or punitive damages paid by the settling defendant." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 391–92 (Tex. 2000). "The application of the rule is not limited to tort claims, and whether the rule may be applied depends not on the cause of action asserted but rather the injury sustained." *Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied). "Thus, if the plaintiff has suffered only one injury, even if based on 'overlapping and varied theories of liability,' the plaintiff may only recover once[.]" *Id.*

The one satisfaction rule is a ground for summary judgment in cases in which (1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff, and (3) punitive damages are not at issue. *Nowak v. Pellis*, 248 S.W.3d 736, 741 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Cohen v. Arthur Andersen, L.L.P.*, 106 S.W.3d 304, 309–10 (Tex. App.—Houston [1st Dist.] 2003, no pet.).[4]

> A nonsettling party seeking a settlement credit has the burden to prove its right to such credit. This burden includes proving the settlement credit amount. The nonsettling party can meet this burden by placing the settlement agreement or some evidence of the settlement amount in the record. If the nonsettling party meets this burden, the burden shifts to the plaintiff to tender a valid settlement agreement allocating the settlement between (1) damages for which the settling and nonsettling defendant are jointly liable, and (2) damages for which only the settling party was liable. If the plaintiff cannot satisfy this burden, then the nonsettling party is entitled to a credit equaling the entire settlement amount.

*Cohen*, 106 S.W.3d at 310 (internal citations omitted).

### III. DISCUSSION

By their first issue, appellants argue that the trial court erred in applying the one satisfaction rule at the summary judgment stage of the proceeding before a fact finder had determined whether they had sustained separate and distinct injuries for which they had not been compensated. To establish its entitlement to summary judgment on the ground of the one satisfaction rule, Lakeshore was required to show: (1) the one satisfaction rule applies; (2) the settlement credit entirely set off the maximum amount of

---

[4] Although the parties do not specifically discuss the one satisfaction rule as an affirmative defense, the Austin Court of Appeals has characterized it as "in the nature of an affirmative defense." *See RenewData Corp. v. eMag Solutions, LLC*, No. 03-05-00509-CV, 2009 WL 1255583, at *1 n.1 (Tex. App.—Austin May 6, 2009, pet. denied) (mem. op.). An unpleaded affirmative defense may serve as a basis for summary judgment when it is raised in a motion for summary judgment and the non-movant does not object. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991).

5

liability claimed by appellants; and (3) punitive damages were not at issue. *See Nowak*, 248 S.W.3d at 741; *Cohen*, 106 S.W.3d at 309–10.

Lakeshore attached to its motion for summary judgment: (1) copies of appellants' original, first supplemental, and second supplemental petitions; and (2) a copy of the settlement agreement between appellants and Cobalt. In their original petition, appellants asserted their DTPA and breach of express and implied warranties claims against "the Defendants" (Cobalt and Lakeshore) and alleged their breach of contract claim only against Lakeshore. They alleged "economic damages in excess of the price paid for the boat ($254,000.00, plus taxes and fees)," which included payment of slip fees when the boat was being serviced and costs of repair associated with problems such as the port hole leaks.

In their first supplemental petition, appellants incorporated their original petition, added a cause of action for fraud and fraud in the inducement by alleging that "both named defendants" (Cobalt and Lakeshore) made material false representations to them, and added a claim that Cobalt negligently designed the boat and the boat's electronic shift-and-throttle device. Appellants also sought exemplary damages "to penalize the [d]efendants for their outrageous, malicious, or otherwise morally culpable conduct" and asserted that they "have also suffered mental anguish as a result of the myriad of problems they have encountered with [the boat]."

In their second supplemental petition, appellants "reiterate and re-allege" the allegations in their original petition. They specifically "incorporate" the allegations in the DTPA and breach of express and implied warranties sections of their original petition

6

and the negligent design claims in their first supplemental petition against ZF. In the "damages" section of the petition, appellants seek

> actual damages, including but not limited to (a) the difference between the value of what Plaintiffs paid/gave up and what they actually received, (b) their investment in the boat, (c) their out-of-pocket expenses in connection with the boat and this lawsuit, (d) loss of use, (e) cost to transport, repair, and store the boat, (f) damages incurred as a result of their reliance on the contract, (g) the difference between the value of the boat as represented and the value received, and (h) for personal injuries, including but not limited to mental anguish, both in the past and in the future.

They further assert that they are entitled to twice the amount of actual damages up to the first $1,000.00 and up to three times the amount of actual damages sustained over $1,000.00 "as a penalty for a knowing or intentional violation of the DTPA." *See* TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (West 2011). They also claim entitlement to exemplary damages.

Lakeshore also attached to its motion for summary judgment a copy of the "Confidential Full and Final Release and Indemnity Agreement" between appellants and Cobalt, which provides that Cobalt will pay appellants $275,000.00 in settlement of their claims against Cobalt. The settlement agreement states that appellants will pay off the bank note on the boat in the amount of $191,045.07 and transfer title of the boat to Cobalt. It specifically provides that the settlement monies are "for the repurchase of the [b]oat and reimbursement of funds already spent by [appellants] in maintaining the [b]oat."

Appellants filed a response to Lakeshore's motion for summary judgment, in which they argued that: (1) under the one satisfaction rule, Lakeshore can only claim a credit for damages for which all tortfeasors are jointly liable, and "Lakeshore is not jointly liable with the other Defendants for [fraudulent inducement]"; (2) they are "two

7

separate and distinct victims who have meaningfully different injuries and damages"; (3) they "seek more than $275,000 in damages in this case"; (4) "punitive damages *are* at issue" in this case; (5) the pertinent issues should be decided by a factfinder and summary judgment is inappropriate at this stage; and (6) they have pled "different theories" and "different damages." Appellants' response contained the following as summary judgment evidence: (1) an email from a Lakeshore salesman to Cobalt, noting appellants' problem regarding bumping into the electronic controls and recalling that "customers were complaining of the boats going into gear by themselves"; (2) excerpts from Ron Matthews's deposition, in which he describes damages related to the boat; and (3) excerpts from Vickie Matthews's deposition, in which she describes her mental anguish as waking up at night, losing sleep worrying about the boat, stress, and suffering "sick" headaches.

The response also "incorporate[d]" summary judgment evidence attached to appellants' response to Lakeshore's partial no-evidence motion for summary judgment as to exemplary damages.[5] Specifically, appellants referenced additional excerpts from Ron Matthews's deposition testimony, in which he stated his belief that Lakeshore knew about other customers experiencing problems with Cobalt boats improperly going into gear before it sold the boat to him. Ron Matthews alleged in his deposition testimony that Lakeshore knew the electronic controls were a hazard, but sold him the boat anyway because he had said that he would not purchase the boat without the electronic controls. When asked about the "factual basis" of his claim that Lakeshore knew about

---

[5] *See Steinkamp v. Caremark*, 3 S.W.3d 191, 194 (Tex. App.—El Paso 1999, pet. denied) (holding that a party may use evidence already in the trial court record in responding to a no-evidence motion but must ensure that the evidence is properly before the trial court for consideration either by requesting that the trial court take judicial notice of the evidence or by incorporating that document or evidence in the party's response).

the problems with the electronic controls, Ron Matthews said that the Lakeshore salesman told him about the problems before he purchased the boat, but said that the problems were attributable to operator error.

Lakeshore filed a "reply" to appellants' response, in which it argued that: (1) appellants failed to raise an issue of material fact that the amount of their damages exceeded $275,000.00; and (2) appellants presented no evidence that they are entitled to exemplary damages. Lakeshore argued that appellants failed to present any evidence that the $275,000.00 settlement did not set off the maximum amount of liability claimed by appellants.

The one satisfaction rule applies when "there is only one injury, even if it is based on several overlapping and varied theories of liability." *Buccaneer Homes of Ala. v. Pelis*, 43 S.W.3d 586, 590 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see Galle, Inc.*, 262 S.W.3d at 573 (noting that "if the plaintiff has suffered only one injury, even if based on 'overlapping and varied theories of liability,' the plaintiff may only recover once"); *Nowak*, 248 S.W.3d at 741 ("Whether the [one satisfaction] rule applies is determined not by the cause of action, but by the injury."); *Cohen*, 106 S.W.3d at 310 ("Although the causes of action alleged are technically different, they resulted in a single injury, loss of trust assets."). Here, appellants suffered only one injury: the purchase of a defective boat. *See Buccaneer Homes*, 43 S.W.3d at 590 (noting that although plaintiffs sued the manufacturer and retailer of a defective mobile home, they "incurred only a single financial injury—a defective mobile home"). We conclude that, because appellants suffered only one injury, the one satisfaction rule applies. *See id.*; *Cohen*, 106 S.W.3d at 310.

9

By presenting a copy of the settlement agreement with Cobalt in the amount of $275,000.00, Lakeshore established that the settlement credit set off the actual damages claimed by appellants. However, in their live petitions and in their response to the motion for summary judgment, appellants asserted that they were entitled to "additional damages" of up to three times the amount of actual damages if they established a knowing or intentional violation of the DTPA. *See* TEX. BUS. & COMM. CODE ANN. § 17.50(b)(1) (West 2011).[6] In their response, appellants referenced the deposition excerpts of Ron Matthews in which he testified that Lakeshore's salesman knew from problems reported by other customers that the boat's electronic gear-shift mechanism was a hazard, but sold him the boat anyway. Because appellants have claimed entitlement to treble damages under the DTPA, we cannot say that Lakeshore has shown that the $275,000.00 settlement credit entirely set off the maximum amount of liability claimed by appellants. *See Nowak*, 248 S.W. 3d at 741; *Cohen*, 106 S.W.3d at 309–10.

Moreover, appellants asserted a claim for punitive damages. In their live petitions and response to the motion for summary judgment, appellant sought exemplary damages. Accordingly, we cannot say that Lakeshore has shown that punitive damages are not at issue. *See Nowak*, 248 S.W. 3d at 741; *Cohen*, 106 S.W.3d at 309–10. We conclude that Lakeshore has not shown that it was entitled to summary judgment on the ground of the one satisfaction rule. *See Nowak*, 248 S.W. 3d at 741; *Cohen*, 106 S.W.3d at 309–10.

---

[6] Under the DTPA, "'knowing' conduct requires actual awareness by the defendant that his conduct is unfair or deceptive." *Blue Star Op. Co. v. Tetra Tech.*, 119 S.W.3d 916, 921 (Tex. App.—Dallas 2003, pet. denied).

Lakeshore invites this Court to review its partial no-evidence motion for summary judgment on the issue of punitive damages, arguing that, even though the trial court did not rule on the motion, we may nonetheless review the motion and grant it if appellants failed to present evidence of malice or gross negligence. Assuming, without deciding, that we have discretion to review the no-evidence motion, we decline to do so. *See In re Brock Specialty Servs., Ltd.*, 286 S.W.3d 649, 656–57 (Tex. App.—Corpus Christi 2009, orig. proceeding) (noting that appellate courts may consider alternate grounds for summary judgment when grounds were presented to trial court but not expressly ruled upon, when the record is well developed regarding those alternate grounds, but should refrain from addressing issues beyond the trial court's express basis for its ruling when the record is not fully developed regarding the alternate grounds). Here, the parties' briefing properly focused on the basis for the trial court's ruling—the one satisfaction rule—and we decline to address issues beyond the trial court's express basis for its ruling. *See id.*

## IV. CONCLUSION

We conclude that Lakeshore failed to establish its entitlement to summary judgment on the ground of the one satisfaction rule. *See Nowak*, 248 S.W.3d at 741; *Cohen*, 106 S.W.3d at 309–10. Accordingly, we reverse the summary judgment in favor of Lakeshore and remand to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
13th day of June, 2013.

11