**Opinion issued December 23, 2014**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-13-00962-CV

_____

**BOSHENG WEN, Appellant**

**V.**

**STEWART LIN, Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-28916**

---

## MEMORANDUM OPINION

Bosheng Wen ("Wen") appeals the trial court's order granting summary judgment in favor of appellee, Stewart Lin ("Lin"), on Wen's claims of legal malpractice and breach of fiduciary duty. We affirm.

**Background**

In May 2008, Wen's company, Wen's Royal Remodeling, Inc. ("Wen's Remodeling"), entered into a contract with 121 Chinese Restaurant to perform remodeling work. After a dispute arose between Andy Wu, the restaurant's owner, and Wen, the restaurant filed suit against Wen's Remodeling alleging breach of contract and tortious interference with contract.[1] Wen retained attorney Lin of Lin & Valdez LLP to represent him in the litigation.

Lin filed an answer and counterclaim against the restaurant on behalf of Wen's Remodeling.[2] Wen's Remodeling subsequently filed a motion to substitute counsel, seeking to discharge Lin and his firm and substitute Kristopher K. Ahn as attorney-in-charge. The trial court granted the motion.

The case proceeded to trial on April 20, 2010. Upon the jury's verdict, the trial court entered judgment on July 5, 2010, in favor of the restaurant on its breach of contract claim, awarding $200 in damages and $10,000 in attorney's fees, and rendered a take-nothing judgment against Wen's Remodeling on its counterclaims.

On May 15, 2013, Wen, acting pro se, filed suit against Lin alleging, among other things, that Lin (1) performed no work on his case for more than a year;

---

[1] The suit is styled *DN Development Corporation d/b/a Café 121 Chinese Restaurant v. Wen's Royal Remodeling, Inc.*, Cause No. 2008-69877.

[2] In its counterclaim, Wen's Remodeling asserted causes of action for suit on a sworn account and breach of contract and sought restitution to collect the $8,800 it claimed the restaurant owed.

2

(2) colluded with Wu to falsely accuse Wen of having caused plumbing problems and the resulting odor in the restaurant; (3) failed to contact the police regarding its investigation into Wu's alleged assault of Wen; (4) released the mechanic's lien Wen had placed on the restaurant to collect the money Wu allegedly owed him without Wen's permission and then told Wen that the court had decided to release it; (5) performed work for and received money from Wu; (6) forced Wen to pay additional money for Lin's services through deceit and threats; (7) told Wen that the court had dismissed his case when, in fact, it had not; and (8) requested a continuance of the trial date without informing Wen. Lin filed his answer and asserted several affirmative defenses including the statute of limitations, lack of capacity in which he was sued, and defect of party defendants.

Lin moved for traditional summary judgment on Wen's claims. In his motion, Lin contended that he was entitled to summary judgment on Wen's legal malpractice claim on two grounds. First, Wen failed to file his claim within the applicable two-year statute of limitations. Second, Lin was not liable in the individual capacity in which he was sued because his firm provided the legal services to Wen and, thus, Wen's suit against him, individually, was improper.

In his summary judgment response, Wen, now represented by counsel, contended that the discovery rule applied to toll the statute of limitations on his

3

legal malpractice claim.[3]   Wen then filed a supplemental summary judgment response asserting that he properly sued Lin in his individual capacity because Lin had acted as Wen's counsel.  In his supplemental response, Wen also asserted that Lin had withdrawn his argument that Wen's suit was barred by the statute of limitations at the last hearing before the court.  Afterwards, Lin filed special exceptions to Wen's original petition, complaining that Wen's petition failed to assert a cognizable claim, alleged insufficient facts, and failed to specify the amount or type of damages sought.

On October 7, 2013, the trial court granted summary judgment on Wen's claims.  Wen timely filed this appeal.

## Discussion

On appeal, Wen contends that the trial court erred in granting summary judgment on his claims for legal malpractice and breach of fiduciary duty because issues of material fact existed.  Specifically, he argues that his failure to sue Lin & Valdez, LLP does not preclude Lin from being held individually liable, as a firm partner, for the acts committed by his firm.  He also asserts that the discovery rule tolled the statute of limitations on his legal malpractice claim.  Lin argues that the trial court properly granted summary judgment on Wen's legal malpractice claim

---

[3]   Wen initially filed a pro se response to defendant's summary judgment motion essentially restating the allegations contained in his petition without addressing either summary judgment ground raised in Lin's motion.

because the claim belonged to Wen's Remodeling, not Wen, individually, and thus, the lack of privity between them precludes Wen's suit against him. Lin also asserts that Wen's malpractice claim is barred by the two-year statute of limitations. Lin argues that he was entitled to summary judgment on Wen's breach of fiduciary duty claim because the claim is an impermissible attempt to fracture his legal malpractice claim.

## A. Standard of Review

We review de novo a trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that the party is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–549 (Tex. 1985).

A defendant is entitled to summary judgment on an affirmative defense if it conclusively proves all of the elements of the affirmative defense. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). We will affirm summary judgment only if the record establishes that the movant conclusively proved all elements of

its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Where a defendant seeks summary judgment on the basis of limitations, it must (1) conclusively prove when the cause of action accrued and, if the plaintiff has pleaded the discovery rule, (2) conclusively negate it. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

If, as here, the summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds is sufficient to support the judgment. *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 79 (Tex. 1989). Because the trial court in this case did not specify the ground upon which it relied for its ruling, we will affirm if any theory advanced by Lin in his summary judgment motion is meritorious. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

## B.     Legal Malpractice Claim

Wen contends that the trial court erred in granting Lin's motion for summary judgment because his legal malpractice cause of action against Lin was not barred

by the statute of limitations.[4]  Specifically, Wen argues that the rule enunciated in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), tolled the statute of limitations on his legal malpractice claim.[5]

A two-year statute of limitations governs legal malpractice claims.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West Supp. 2014); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988).  The statute of limitations begins to run when the claim accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.  A legal malpractice claim accrues when the client sustains a legal injury or, in cases governed by the discovery rule, when the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of the claim.  *Hughes*, 821 S.W.2d at 156; *Nowak v. Pellis*, 248 S.W.3d 736, 739 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

---

[4]  In light of our disposition of this issue, we do not reach Wen's additional argument regarding whether his failure to sue Lin & Valdez, LLP, precludes Lin from being held individually liable for the acts committed by his firm.  We further note that Lin's argument in his summary judgment motion—that he lacked capacity to be sued because his law firm provided legal services to Wen—does not comport with his argument on appeal that Wen could not sue him because the malpractice claim belonged to the corporation and not Wen, individually.

[5]  In his supplemental summary judgment response and in his brief on appeal, Wen asserts that Lin "withdrew that argument based on the statute of limitations defense from the Court's consideration, following [Wen's] current counsel's briefing in his response in opposition to that motion."  There is nothing in the record reflecting that Lin withdrew his limitations argument from the court's consideration.  Further, we note that both parties address the limitations defense on appeal.

7

However, in *Hughes*, the Texas Supreme Court established an equitable tolling rule for the statute of limitations in legal malpractice cases: "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted." 821 S.W.2d at 157.

In his motion for summary judgment, Lin argued that Wen's malpractice claim accrued on November 19, 2008, the date of the first negligent act alleged in Wen's petition.[6] Lin then asserted that the latest point in time that limitations could have begun to accrue on Wen's malpractice claim was upon the trial court's entry of judgment on July 5, 2010. Lin asserts that because Wen filed his lawsuit on May 15, 2013—more than two years after either date—Wen's malpractice claim is barred by limitations under either scenario.

Once Lin met his summary judgment burden on limitations, it was incumbent upon Wen to adduce summary judgment proof raising a fact issue to avoid the statute of limitations through some recognized exception. *See Trousdale v. Henry*, 261 S.W.3d 221, 234–35 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In his summary judgment response, Wen argued that the *Hughes* tolling

---

[6] Although Lin contends that November 19, 2008, is the date of the first alleged act of negligence in Wen's petition, Wen alleged that Lin first acted negligently after he hired him on July 28, 2008: "Lin didn't do anything regarding my case for six months."

rule applies to his case. However, Wen failed to attach any affidavits or other admissible summary judgment evidence to show that he filed a motion for new trial, a motion to modify the judgment, or otherwise timely perfected an appeal in the underlying suit.[7] Further, we note that although Wen discusses at length the cases addressing the *Hughes* rule in his summary judgment response and his brief on appeal, he provides no argument or analysis of how the law applies to the facts of his case and no citation to the record. *See* TEX. R. APP. P. 38.1(i). Because Wen failed to adduce summary judgment proof raising a fact issue to avoid the statute of limitations, the trial court properly granted summary judgment on his legal malpractice claim.

## C. Breach of Fiduciary Duty Claim

Wen also summarily contends that the trial court erred in granting summary judgment on his breach of fiduciary duty claim. Lin argues that the trial court

---

[7] A panel of this Court recently issued a memorandum opinion in Wen's appeal of the trial court's order granting summary judgment on his legal malpractice claim against his second attorney, Kristopher Ahn. *See Wen v. Ahn*, No. 01-13-00837-CV, 2014 WL 5780251 (Tex. App.—Houston [1st Dist.] Nov. 6, 2014, no pet. h.). In that opinion, the Court notes that Wen appealed the judgment in the underlying suit through subsequent counsel and, on December 6, 2011, the Fourteenth Court of Appeals issued a memorandum opinion affirming the trial court's judgment. *See Wen's Royal Remodeling, Inc. v. DN Dev. Corp.*, No. 14-10-00919-CV, 2011 WL 6042845, *1–2 (Tex. App.—Houston [14th Dist.] Dec. 6, 2011, no pet.). As in Wen's other appeal before this Court, however, the record in the appeal before us does not contain any discussion of the appeal of the underlying suit, nor does the record contain a copy of the opinion, judgment, or mandate from that appeal. *See Wen*, 2014 WL 5780251, at *1.

properly granted summary judgment on Wen's breach of fiduciary duty claim because Wen has merely recast his legal malpractice claim and such fracturing of a malpractice claim is not permitted.[8]

An appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When a party fails to adequately brief a complaint, it waives the issue on appeal. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive point of error due to inadequate briefing). Here, Wen offers no argument, analysis, or citation to authority or the record to support his bare assertion that the trial court erred in granting summary judgment on his breach fiduciary duty claim. As such, he has failed to preserve this issue for our review. *See* TEX. R. APP. P. 38.1(i); *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. We overrule Wen's appellate issues.

---

[8]     A four-year statute of limitations governs breach of fiduciary duty claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5) (West 2010).

10

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Massengale.